ROBINSON v. McDOWELL.

(Filed October 20, 1903.)

1. LIMITATIONS OF ACTIONS—*Assignments for the Benefit of Credi-tors—Payments—Trusts.*

Part payment by an assignee in bankruptcy of a debt referred to in the assignment does not arrest the running of the statute of limitations against the debt.

2. LIMITATIONS OF ACTIONS—*Assignment for the Benefit of Credi-tors—Trusts.*

Where it is discretionary with the trustee in a deed of trust as to the time of the sale of property therein assigned, the same may be sold, though the debts secured are barred by the statute of limitations.

3. LIMITATIONS OF ACTIONS—*Assignments for the Benefit of Cred-itors—Executors and Administrators.*

A personal representative cannot sell land to pay debts barred by limitation.

4. HOMESTEAD—*Assignments for the Benefit of Creditors—Limita-tions of Actions.*

The assignee in an assignment for the benefit of creditors, the grantor in the assignment having retained his homestead, may, upon the death of the grantor, sell the homestead to pay the debts, though such debts are barred by limitation.

5. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Executors and Administrators—Parties—Special Proceedings.*

Where the grantor, after making an assignment for the benefit of creditors, dies, his personal representative and the trustee may join in a special proceeding before the clerk to sell the real estate to pay debts.

6. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Executors and Administrators.*

> Where the trustee in an assignment for the benefit of creditors and the administrator of the grantor, having joined in a proceeding to sell land, allege that the grantor died seized of the land in fee, the title of the purchaser is not affected thereby.

ACTION by Newton Robinson against Alex. McDowell and others, heard by Judge *C. M. Cooke* and a jury, at March Term, 1903, of the Superior Court of BLADEN County. From a judgment ordering the sale of certain land both plaintiff and defendant appealed.

PLAINTIFF'S APPEAL.

On the 16th of March, 1888, John A. McDowell, of Bladen County, executed a deed of trust to C. M. McLean for the benefit of his creditors. A large amount of both real and personal estate was conveyed in the deed, and the creditors were arranged in three classes, the third class embracing all of his creditors except those whose debts were first preferred and those in the second preferred class. Newton Robinson (the administrator of McDowell, who died in 1899, and one of the plaintiffs in this action) and Thomas J. Norman are creditors of the first class. In the preamble of the deed of trust it was declared that the grantor was indebted to various persons in divers amounts of money, which he was unable to pay, and that he was willing to assign all of his property for the benefit of his creditors. Then there followed a conveyance to the trustee of all the real estate and personal property "except such as is by law exempt from sale under the execution, to-wit, his homestead and personal property exemptions." The homestead and personal property exemptions were assigned and allotted in December, 1889. There was evidence offered by the plaintiffs to show that in 1893 the grantor, hav-

ing become dissatisfied with the trustee, McLean, because he had sold one of the tracts of land embraced in the deed of trust for less than the grantor thought it was worth, agreed with the trustee McLean, and Robinson and Norman, that J. F. Melvin, who was then the Clerk of the Superior Court of Bladen County, should be substituted as trustee in the place of McLean; that another deed of trust was drawn up and executed by McDowell and McLean (in which McLean conveyed all of his rights under the first deed) ; that the deed of 1893 embraced the same property conveyed in the first deed, except the tract which had been sold by McLean, and contained the same provisions contained in the deed of 1888; that the deed of 1893 was registered in the office of the Register of Deeds of Bladen County, and the original registration and deed were both burnt in a fire which consumed the courthouse. John A. McDowell died in January, 1899, the owner of other real estate than that conveyed in the deeds of trust, and Newton Robinson within a few days was qualified as his administrator.

The trust being unexecuted and the debts unpaid, the administrator, Robinson, filed a petition in the Superior Court of Bladen County (before the Clerk) to sell the real estate of the intestate to make assets for the payment of his debts. McLean and Melvin joined in the petition for the purpose of conferring on the administrator the legal title to the real estate conveyed in the deed, and under the order of the Court to have administered by the administrator the proceeds of the sale of the land conveyed in the deed in the payment of the debts of the intestate, according to the terms of the trust deed. The debts due to Robinson and secured in the deeds of trust consisted of three notes, two of them under seal and due in 1884, and one a simple promissory note due in 1885.

*C. C. Lyon* and *J. D. Shaw, Jr.,* for the plaintiff.
*R. S. White* and *E. K. Bryan,* for the defendants.

MONTGOMERY, J., *after stating the facts.* The only payments ever made upon the notes due by McDowell to Robinson were made by G. F. Melvin, the assignee in the deed of trust of 1893. The assignee was not authorized in the deed of trust by the grantor to make any promise to pay the balance of the debt upon any payment made by him or to revive the debt after the same might become barred by the statute of limitations. He was the agent of the grantor, according to the provisions of the deed of trust, to perform such duties as were imposed upon him in the deed, viz., to sell the property and apply the proceeds in the manner directed. A payment, therefore, by the assignee, did not have the effect of arresting the running of the statute of limitations against Robinson's debts. *Battle v. Battle,* 116 N. C., 161.

The statute of limitations having been pleaded by the defendant against the debts of Robinson, the jury properly found under the instructions of the Court that those debts were barred. But that did not affect the security contained in the deed of trust for the payment of those debts. There was a provision in the deed under which the trustee was given discretion as to the time, place, manner and terms of the sale of the property embraced in the deed. And if that had not been so, if the deed had contained only a power of sale without limitation as to time of sale, the power of the trustee to sell and apply the proceeds of the sale to the debts would not be destroyed, because the debts secured might be barred by the statute of limitations. *Menzel v. Hinton,* 132 N. C., 660, and cases there cited. The property, therefore, conveyed in the deed of trust was, and is, a security for the debts, though they might be defeated by the plea of the statutory bar, so far as the personal liability of the debtor is concerned. There

was no error in that part of the judgment, therefore, which decreed that no part of the land of the intestate, other than that conveyed in the deed of trust, could be sold to pay the Robinson debts. His Honor held, however, that the Robinson debts were barred by the statute of limitations as to the reversions in the homestead of the grantor, and in the judgment of the Court it was adjudged that no part of the proceeds of the sale of the reversion in the homestead interest should be applied to the Robinson debts. When that judgment was rendered his Honor followed the law as it had been declared by this Court in *Joyner v. Sugg*, 131 N. C., 324; but since that time the case of *Joyner v. Sugg* has been reheard and the former judgment reversed. His Honor simply followed our error, and in his ruling there was error, and the opinion of the Court below on that point is reversed.

The homestead has fallen in by the death of the homesteader, and the tract of land will be sold, as if the homestead had never been allotted, and the Robinson debts will come in for their proper share of the proceeds.

Affirmed, except as to the reversal of that part of the judgment concerning the reversion of the homestead as above pointed out.

DEFENDANTS' APPEAL IN SAME CASE.

MONTGOMERY, J. The defendants insisted that the Court below erred in not dismissing the action, because of a want of jurisdiction, that is, that because of the uniting of the trustees with the administrator in the petition to make real estate assets, the Clerk did not have jurisdiction of the matter, and that therefore the Superior Court, on the case being sent to that Court from the Clerk for trial, did not have jurisdiction. In the case of *Roseman v. Roseman*, 127 N. C., 494, and cases there cited, it is difficult to understand the excep-

tion of the defendant to dismiss the action on the ground assigned. The defendants' exception to the uniting of the administrator and the trustees, McLean and Melvin, and to the introduction of the deeds of assignment as evidence in the case, ought not to be sustained. We think it commendable that the trustees and the administrator should have jointly commenced this proceeding, for it is almost certain that time and expense have been saved, and that the property will sell for a better price under the direction and order of the Court in this case than it would have brought if the administrator had sold the equity of redemption and the trustees or either one of them had sold the property under the deed of trust.

There is no merit in the ground taken in the defendants' brief that the deeds of trust and the rights of creditors under them were destroyed because of an allegation in the petition that the intestate was seized in fee-simple of the lands described in the petition, embracing those conveyed in the deed, and an admission of that allegation by the defendants. The whole pleadings go to show that the deed of trust was to be respected in its provisions as to the application of the proceeds of the sale of the land conveyed therein, and the allegation that the fee-simple title was in the intestate was simply made to show that the title to the property would be complete and the entire interest in the land would be conveyed under the order of sale prayed for by the petitioners. The defendants' contention is too highly technical for adoption.

From our point of view it makes no difference whether the deed of trust of 1893 was valid or not. Either that or the one one of 1888 was valid, and the trustees named in both are parties to this proceeding. It appears from the *defendants'* statement of the case on appeal that both McLean and Melvin were parties plaintiff; but in the plaintiff's appeal McLean does not seem to be a party. If he is not, it will be well for the plaintiffs to bring him in by amendment. In the judg-

ment it appears that Newton Robinson is appointed a commissioner to sell the land for cash, etc. Before that sale is made the commissioner must be required to file a proper bond in a sum double the value of the property to be sold, conditioned for the faithful discharge of his duty in making the sale and in applying the proceeds. This must be done, that the creditors may feel as secure in the sale of the property by the Court as if the sale had been made by one of their own choice.

No error.