ATKINSON v. RICKS.

(Filed February 27, 1906).

*Executors and Administrators—Sale of Land by Commissioners—Motion in the Cause—Judgment—Attachment.*

> The land of a decedent, against whose executor a judgment has been obtained, cannot be sold through a commissioner by an order in the cause, even though the land may be subject to the lien of an attachment levied upon it during the decedent's life time.

MOTION in the cause heard by *Judge R. B. Peebles,* at Halifax, N. C., on August 24, 1905, in the action by W. J.

Atkinson, Executor of Willis W. Barham, against W. S. Ricks, Executor of J. J. Boyd, pending in the Superior Court of NORTHAMPTON.

The plaintiff sued J. J. Boyd, testator of the defendant, before a justice of the peace to recover a debt of $65 and interest, and caused an attachment to be issued and levied on a tract of land belonging to him. He afterwards recovered judgment. The defendant appealed to the Superior Court, where a judgment was rendered against his executor, he having died in the meantime. In that judgment it is provided that the land attached be condemned to the payment of the judgment in the action, which is declared to be a lien on the same. On August 11, 1905, the plaintiff moved before the judge, then holding the Superior Court of Northampton County, for an order to the defendant to show cause why a commissioner should not be appointed in the said action to sell the land described in the judgment, and which had been attached, to satisfy the said judgment. The order was issued and on the return day the judge found as facts that the defendant is insolvent and is not a fit person to sell the land, and he thereupon made an order appointing the two persons named therein commissioners to sell the land for the purpose of satisfying the judgment, and report to the court. The defendant excepted and appealed.

*Peebles & Harris* and *Winborne & Lawrence* for the plaintiff.

*Mason & Worrell, F. R. Harris* and *S. J. Calvert* for the defendant.

WALKER, J., after stating the case: The counsel devoted much of the argument to alleged irregularities in the proceedings, such, among other defects, as want of sufficient notice and the hearing of the motion in Halifax instead of Northampton County. We do not deem it necessary to notice the

questions thus raised, as there is one objection that goes to the root of the matter, and is fatal to the plaintiff's right to have relief of any kind in this form of proceeding. When a creditor has a claim against a decedent's estate, whether by judgment or otherwise, the law is explicit in its directions as to how payment may be enforced. If the personal representative has failed to file his inventory or his accounts, as required by the statute, he can be compelled to do so upon application to the clerk of the Superior Court. Revisal (1905), sections 43, 100 and 103. If he improperly refuses to apply the personal assets to the payment of the debts due by the decedent, or if there are no such assets, and he fails to apply for an order to sell the land for the payment of debts, ample provision is made for proceedings at the instance of any creditor, who considers himself aggrieved by his misconduct, to compel him to account and apply the personal assets in his hands to the payment of debts. If there are no personal assets, the creditors may have an order for the sale of the land. Sec. 104 to 132. The remedies thus afforded to the creditor are adequate for the full protection and enforcement of all his rights, and they should be pursued, if he would seek to have satisfaction of any claim he holds which the personal representative of his debtor, having assets, wilfully refuses to pay. The executor or administrator, where good cause is shown, may be removed from office, and there are perhaps other effective remedies provided by law not necessary to be mentioned, which in a proper case may also be used by the creditor in ultimately securing payment of any claim held by him. But we know of no law authorizing the proceeding by which the defendant was temporarily ousted from his office as executor and commissioners appointed in his stead to sell his testator's land, or conferring jurisdiction upon a judge of the Superior Court to entertain such a proceeding. The land of a decedent, against whose executor a judgment has been obtained, cannot be sold through a commisisoner by an order in

the cause, even though the land may be subject to the lien of an attachment levied upon it during the decedent's lifetime. We must think that such a proceeding is entirely without precedent or warrant in law to sustain it, as the learned counsel who argued for the plaintiff was unable, even with all his accustomed zeal and diligence in the preparation of his cases, to refer us to a single authority in its support, and we have not been able ourselves, after a most careful search, to find one. If J. J. Boyd, the original defendant, was now alive, the payment of the judgment could be enforced by the sale of the land under an execution issued to the sheriff. Revisal, sec. 784; *May v. Getty,* 140 N. C., 310. The plaintiff can now proceed against the executor under the statute we have cited, and, in the application of the assets to the payment of the claims of creditors, any lien he may have acquired by the levy of the attachment will be preserved to him. Revisal, sections 87 and 767.

But the proceeding in the court below cannot be sustained. To uphold it, would not only violate the spirit, but contravene the express provisions of the statute, and produce confusion and uncertainty in the administration of the estates of deceased persons. It might also result in giving one creditor an advantage over the others to which he is not entitled under the law. The intention of the Legislature is that the assets of a decedent shall be administered, as far as may be done, in one proceeding, under proper safeguards, for the benefit of all the creditors, and we must effectuate this intention when it does not conflict with any other special provision of the law in favor of a particular creditor, who has legitimately secured priority. We take it to be clear, therefore, that a creditor who has procured judgment upon his demand against the personal representative of his debtor cannot proceed by motion in the same cause to have the land sold, either by the representative or a commissioner, for the purpose of paying the judgment, unless the suit was also brought to

enforce a lien acquired by mortgage or some other kind of security. But the lien of an attachment levied in the life time of the debtor cannot, as we have said, be enforced in that way.

There was error in granting the plaintiff's motion. The proceeding should be dismissed.

Error.