J. J. PARKER, ADMINISTRATOR OF BRITTON VAUGHAN, DECEASED; B. R. KENNON, AND THOMAS D. CHITTY v. SALLIE PORTER AND HUSBAND, JOHN PORTER; SUSIE JENKINS AND HUSBAND, JOE JENKINS; ROSETTA VAUGHAN, WALTER VAUGHAN, C. W. JONES, COMMISSIONER, AND C. W. JONES, TRUSTEE, AND EULA CARTER JONES, WIFE OF SAID C. W. JONES.

(Filed 20 March, 1935.)

1. **Executors and Administrators E a—**
   Personal property of the estate is the primary fund for the payment of the debts of the estate, and it is only when the personalty is insufficient for this purpose that the administrator has the right and duty to apply for license to sell real property of the estate to make assets. C. S., 74.

2. **Executors and Administrators B a: Descent and Distribution A b—**
   Personal property of a deceased passes direct to his administrator, but the real property passes direct to the heirs at law, subject to be divested only if it becomes necessary to sell the realty to make assets.

3. **Executors and Administrators E a: Descent and Distribution A b—**
   The heirs at law have the right to pay off debts of the estate and the costs of administration in order to prevent the necessity of selling the realty to make assets.

4. **Executors and Administrators E a—Administrator's right to attack partition is precluded by tender of amount sufficient to pay debts of estate.**
   Suit by the administrator against the heirs at law to set aside partition of the lands of deceased upon allegations of necessity to sell realty to

PARKER v. PORTER.

make assets, and inadequacy of the purchase price upon the partition sale and irregularities therein, should be dismissed upon tender into court by one of the heirs at law, the purchaser at the partition sale, of an amount sufficient to pay the debts of the estate, the cost of administration, and the costs of the litigation, the sole interest of the administrator in the lands being the right to sell same to make assets and pay costs of administration, and the other grounds for relief alleged being available solely to the other heirs at law.

5. **Executors and Administrators D g—Creditor's right to attack partition is precluded by tender of amount sufficient to pay debts of estate.**

Suit by creditors of an estate to set aside partition by the heirs at law should be dismissed upon tender into court of an amount sufficient to pay all debts of the estate, nor in such instance may a lessee of the lands from the administrator maintain the suit after the expiration of the period of the lease, since any claim he might have on account of the lease is a claim against the estate protected by the tender of money into court.

APPEAL from *Cowper, Special Judge,* at November Term, 1934, of HERTFORD. Reversed.

This is an action, instituted by the administrator of Britton Vaughan, one creditor of Britton Vaughan and one who claims a contract of lease with said administrator, to have declared null and void a deed to Sallie Porter from a commissioner appointed in a special proceeding brought by the heirs at law of the said Britton Vaughan to sell his real estate for partition among said heirs, and also to cancel a certain deed of trust subsequently given by said Sallie Porter upon the land described in said deed. The defendants are the heirs at law of Britton Vaughan, and the husbands of the *feme* heirs, the commissioner in said special proceeding, and the trustee and *cestui que trust* in said deed of trust from Sallie Porter, the purchaser of the land under said partition proceeding. However, only Sallie Porter and her husband, and C. W. Jones, as commissioner and trustee, and his wife, Eula Carter Jones, as *cestui que trust,* file answer.

Since the validity of the deed of trust from Sallie Porter must stand or fall upon the validity of the deed to her from the commissioner, it becomes necessary to consider only the facts and the law as they relate to the latter.

The substance of the plaintiffs' complaint is that the administrator has not sufficient personal property in hand to pay all of the indebtedness and costs of the administration of the estate of Britton Vaughan, and that it may become necessary for him to obtain license to sell the land covered by the deed in question in order to make assets to pay debts. It is further alleged that the personal property which the administrator now has on hand consists solely of a deposit of $486.24 in a bank which is now in liquidation, and has so far paid only twenty-five per centum

in dividends, or approximately $122.00, and that the estate still owes approximately $400.00; and that the heirs at law of the intestate have had a sale for partition of the real estate of said intestate, and that the purchaser of the land under the partition proceeding was the petitioner in said proceeding, and that said purchaser acquired the land for a price that was inadequate, and that the confirmation of the sale was procured by oversight and inadvertence of the clerk, and that the administrator was not made a party to or given notice of said proceeding; and prays the court to set aside the sale made under said partition proceeding and to declare the deed given thereunder null and void.

The defendants deny that the purchase price was inadequate and that the deed was procured by oversight or inadvertence of the clerk, and aver that more than two years had elapsed from the time of the qualification of the plaintiff administrator and the institution of the partition proceeding by the heirs at law.

Before judgment was entered the answering defendants tendered into court cash money sufficient to pay all the indebtedness and liabilities of the estate of the intestate, including all costs of administration and all court costs in connection with this action, and upon such tender moved the court for a judgment that the plaintiffs be granted no further relief. The court denied this motion and the defendants excepted. The court then, upon the pleadings, ordered, adjudged, and decreed that the deed to the defendant Sallie Porter from the commissioner appointed in the partition proceeding be declared null and void, and from a judgment to that effect the answering defendants appealed to the Supreme Court, assigning errors.

*C. W. Jones and A. T. Castelloe for defendants, appellants.*
*D. C. Barnes and Lloyd J. Lawrence for plaintiffs, appellees.*

SCHENCK, J. We are of the opinion that when the defendants tendered into court cash money sufficient to pay all of the indebtedness and liabilities of the estate of the intestate, including all costs of administration and all court costs in connection with this action, that his Honor should have entered judgment to the effect that the plaintiffs recover nothing more, and that the action be dismissed. The only interest that the plaintiff administrator could have in this action was the payment of the liabilities of his intestate, and when the defendants offered to make available sufficient cash money to pay all the liabilities of the estate, including costs of administration as well as of litigation, the said administrator had no further legal interest in or right to pursue the litigation. Since the plaintiff Kennon was simply an alleged creditor

of the intestate, he was protected by the tender of cash money sufficient to pay the liabilities of the intestate, and likewise ceased to have further interest in or right to pursue the litigation. The claim of the plaintiff Chitty, if indeed he asserts any individual claim, is based upon an alleged lease for the year 1934. That time has now passed and he has no further interest in the land, and if he has any just claim against the estate of the intestate it is but a liability of the estate included in the liabilities to cover which the defendants tendered cash money. It would seem, however, that Chitty took the alleged lease with constructive notice, at least, of the deed to Sallie Porter, since said deed was duly placed of record prior to the date of said lease.

While it is well settled that an administrator has the right, and that it becomes his duty under certain conditions, to apply for license to sell the real estate of his intestate to make assets with which to pay debts, it is necessary that the personal property shall first be exhausted. When this has been done and it has been ascertained that the personalty is insufficient to discharge the debts, resort may be had to the realty. The personalty, however, is always the primary fund for the payment of debts. C. S., 74; *Shaw v. McBride,* 56 N. C., 173; *Clement v. Cozart,* 107 N. C., 697.

Personal property passes direct to the administrator and is by him passed to the distributees, while real estate does not pass to the administrator and from him to the heirs at law, but passes direct from the intestate to the heirs. The only right that the administrator can have in the real estate of his intestate is the right to subject it to the payments of the debts and costs of administration when the personal property is insufficient for that purpose. It follows, then, that the heirs at law, upon the death of the intestate, become seized and possessed of the real estate, subject to be divested if it becomes necessary to sell the realty to make assets. It is therefore logical that the heirs at law, and those claiming under them, should have a right to pay off the debts of the intestate, or the costs of administration, or both, that they may thereby take the real estate of the intestate free from any claims of the administrator. *James v. Withers,* 126 N. C., 715; 24 C. J., pp. 570, *et seq.*

This case is remanded to the Superior Court that, upon the payment by the defendants of sufficient cash money into court to pay all the debts of the estate of the intestate, together with all costs of the administration, as well as all costs in connection with this action, judgment may be entered dismissing the action.

The disposition we have made of this case in no wise precludes any of the heirs at law of the late Britton Vaughan from attacking the deed

from the commissioner to their joint heir, Sallie Porter, for lack of consideration, fraud, or any irregularity in the partition proceeding of which they may be advised. We simply hold that the tender of cash money sufficient to pay all liabilities of the estate and all costs is a satisfaction of any cause of action alleged by the plaintiffs in this case.

Reversed and remanded.