IN THE MATTER OF THE ESTATE OF M. A. GALLOWAY, DECEASED. T. I. GALLOWAY AND O. F. GALLOWAY, ADMINISTRATORS.

(Filed 1 December, 1948.)

**1. Appeal and Error § 40d—**

  Findings of fact made under a misapprehension of the law will be set aside and the cause remanded for consideration of the evidence in its true legal light.

IN RE ESTATE OF GALLOWAY.

**2. Executors and Administrators § 3—**

In a proceeding under G.S. 28-32 for revocation of letters of administration, the question determinable by the clerk is solely whether the administrators have been guilty of default or misconduct in the due execution of their office, and the rights and liabilities of adverse parties in the estate may not be litigated in such proceeding.

**3. Same: Appeal and Error § 40b—**

In revoking letters of administration under G.S. 28-32 the clerk exercises a legal discretion which is reviewable on appeal.

**4. Executors and Administrators § 5—**

Personal property of a person who dies intestate passes directly to his administrator, his real property descends directly to his heirs at law, subject to be divested only if it becomes necessary to sell lands to make assets with which to pay debts, and the only interest of the administrator in the realty is the right to subject the lands to the payment of the debts and costs of administration when the personalty is insufficient.

**5. Descent and Distribution § 12—**

All amounts due for use and occupancy of real property after the death of intestate become the property of the heirs to whom the realty descends.

**6. Executors and Administrators § 3—**

Heirs at law of the estate were appointed administrators of the estate. *Held:* An order of the clerk revoking the letters of administration upon consideration of evidence of their failure to account for rents and profits from the realty is based upon a confusion of their duties, obligations and liabilities as administrators and their rights and liabilities as heirs at law, and the cause will be remanded in order that the evidence may be considered in its true legal light.

APPEAL by the administrators T. I. Galloway and O. F. Galloway from *Rousseau, J.,* at Regular Civil Term, May 1948, of MECKLENBURG.

Application by petition to clerk of Superior Court of Mecklenburg County for revocation of letters of administration issued 6 March, 1940, to, and for removal of T. I. Galloway and O. F. Galloway as administrators of M. A. Galloway, deceased.

From the petition of petitioners, the answer of the administrators, the reply of petitioners, affidavits of petitioners, and affidavit of the administrators, these facts in summary seem to be uncontroverted: M. A. Galloway, late of Mecklenburg County, North Carolina, died on 22 October, 1933, intestate and survived by his wife and nine children; two of the children, T. I. and O. F., were appointed administrators of the estate of their father on 6 March, 1940,—giving an administrator's bond in the sum of $100, with two sureties, one of whom being the petitioner R. A. Galloway, a son of the intestate. The other two petitioners, A. J. Galloway and W. L. Galloway, also are sons of intestate. A year's

support was not laid off to the widow, nor was dower allotted to her. She and four of the children, including the two appointed administrators, resided on lands of which intestate was seized at time of his death. The widow, as appellants say in their brief, died 5 March, 1942.

The administrators, answering the affidavit of petitioners, filed an affidavit in which it is contended: (1) That no inventory of personal property was filed for the reason that no such property belonged to the estate, and (2) that the furniture in the home was property of their mother and that she disposed of that. And they entered motions that certain portions of affidavit of petitioners be stricken out because they relate to the real estate which did not pass to them as administrators. The clerk took no action on the motion.

The record also shows that when the petition came on for hearing, the clerk entered an order on 4 May, 1948, in which it is recited: that "it appearing . . . that T. I. Galloway and O. F. Galloway were appointed administrators of the estate of M. A. Galloway, deceased, in 1940 and that they have never filed a proper inventory or final account and have failed to make a final settlement of the estate . . . and that they have been in possession of the property belonging to said estate growing out of which is a dispute between and among the heirs at law of M. A. Galloway, deceased, including the administrators aforesaid; . . . that the administrators have failed to settle the debts and obligations of the estate; . . . that a judgment creditor is now petitioning the court to be permitted to sell the lands belonging to said estate in order to make assets to pay said judgment; . . . that there is a first mortgage against the said real estate which is unpaid; and that the other heirs at law are making claims against the administrators for the wrongful use and occupation of the property belonging to the estate; and . . . that for good cause the said administrators should be removed as such and required to make a complete accounting for their management of said estate; and that a disinterested administrator *de bonis non* should be appointed in order to take such steps as may be necessary in order to finally settle the debts of the estate without prejudice to the rights of any of the heirs at law."

Thereupon, the clerk "for good cause and in the discretion of the court" adjudged that T. I. Galloway and O. F. Galloway be removed as such administrators and the letters appointing them recalled; that they file a complete accounting of the estate of M. A. Galloway, and turn over to the administrator *de bonis non* appointed by the court, or to the court, such property as they may have belonging to said estate.

To this "order and every part thereof as to law and fact the said T. I. Galloway and O. F. Galloway, administrators, except and appeal to Superior Court . . ."

When the appeal came on for hearing before judge of Superior Court, the administrators renewed their motion to strike out portions of the affidavits as aforesaid. Denied. Exception.

Thereupon the judge "upon examination and consideration of the records in the case," find "as facts, in addition to the facts found by the clerk, that the said administrators, after the death of the widow of the said M. A. Galloway, made use of the premises belonging to the estate for their own benefit by using the houses on said premises as residences for themselves and families, and by renting the lands themselves and fixing the amount of rents to be paid to the estate, without authority so to do from the court; . . . that the said administrators deny the right of the petitioners to any share or interest in the estate, alleging that the petitioners have received advancements to the full extent of their shares without such claim having been adjudicated in any manner; and . . . that the said T. I. Galloway and the said O. F. Galloway since they have been in charge of the said estate have received as tenants benefits from the Federal Farm Administration or Agency, commonly called "AAA" in the form of conservation payments the sum of six hundred thirty nine dollars and ninety three cents, for which they have not accounted to the estate nor reported to the court," entered judgment "that the order of the clerk of the Superior Court . . . dated May 4, 1948, and every part thereof, be and the same is hereby upheld and approved; and the finding of fact therein, together with the additional findings of fact hereinabove set forth by this court, are hereby adopted and made the findings in all respects of this court."

To the signing of the foregoing judgment and order the administrators T. I. Galloway and O. F. Galloway except and appeal to Supreme Court, and assign error.

*Wm. H. Abernathy for administrators, appellants.*
*G. T. Carswell and Wade H. Williams for petitioners, appellees.*

WINBORNE, J.  A reading of the record on this appeal leads to the conclusion that the judgment from which this appeal is taken was rendered upon facts found under a misapprehension of the law.  In such case the facts found will be set aside on the theory that the evidence before the court should be considered in its true legal light.  *McGill v. Lumberton*, 215 N. C. 752, 3 S. E. (2) 324, and cases there cited.  See also *S. v. Calcutt*, 219 N. C. 545, 15 S. E. (2) 9; *Stanley v. Hyman-Michaels Co.*, 222 N. C. 257, 22 S. E. (2) 570; *S. v. Williams*, 224 N. C. 183, 29 S. E. (2) 744; *Coley v. Dalrymple*, 225 N. C. 67, 33 S. E. (2) 477; *Troitino v. Goodman*, 225 N. C. 406, 35 S. E. (2) 277; *S. v. Gause,*

227 N. C. 26, 40 S. E. (2) 463; *Whitted v. Palmer-Bee Co.*, 228 N. C. 447, 46 S. E. (2) 109.

The statute G.S. 28-32 pertaining to revocation of letters of administration provides that "if, after any letters have been issued, it appears to the clerk, or if complaint is made to him on affidavit . . . that any person to whom they were issued . . . has been guilty of default or misconduct in the due execution of his office . . . the clerk shall issue an order requiring such person to show cause why the letters should not be revoked"; and "on the return of such order, duly executed, if the objections are found valid the letters issued to such persons must be revoked and superseded, and his authority shall thereupon cease."

"This proceeding," as stated in *Edwards v. Cobb*, 95 N. C. 4, opinion by *Merrimon, J.*, "is neither a civil action nor a special proceeding under the code of civil procedure. Its purpose is not to litigate the alleged rights and liabilities of adverse parties, settle the same, and give judgment against one party in favor of another, but it is to require one who is charged by the law with special duties and trusts, for whomsoever may be interested, to show cause . . . why he shall not be removed from his place or office, because of some disqualification, malfeasance, misfeasance or nonfeasance, that disqualifies or unfits him in that respect and renders it necessary that he shall be promptly removed from it."

That is, the question before the clerk is whether the administrator "has been guilty of default or misconduct in the due execution of his office." G.S. 28-32. In passing upon such question, the clerk exercises a legal discretion which may be reviewed on appeal. See *Edwards v. Cobb, supra; In re Battle*, 158 N. C. 388, 74 S. E. 23; *In re Estate of Wright and Wright v. Ball*, 200 N. C. 620, 158 S. E. 192. *In re Estate of Styers*, 202 N. C. 715, 164 S. E. 123; *Jones v. Palmer*, 215 N. C. 696, 2 S. E. (2) 850; *Edwards v. McLawhorn*, 218 N. C. 543, 11 S. E. (2d) 562.

In *Jones v. Palmer, supra*, it is stated: "The clerk is not compelled to remove an administrator for failing promptly to file an inventory when in his judgment the estate has received no damage; . . . nor for failure to file account . . . nor for delay in winding up an administration. Instead of removal the performance of all these duties may be enforced by appropriate proceeding. *Atkinson v. Ricks*, 140 N. C. 418, 53 S. E. 230; *Barnes v. Brown*, 79 N. C. 401. But he may remove an . . . administrator for such failure and must do so when he finds the omission of duty is sufficiently grave to materially injure or endanger the estate, or if compliance with the orders of the court in the supervision and correction of the administration are not properly obeyed."

While personal property of a person who dies intestate passes directly to his administrator, his real property descends directly to his heirs at law, subject to be divested only if it becomes necessary to sell land to

make assets with which to pay debts. *Parker v. Porter,* 208 N. C. 31, 179 S. E. 28.

All rents accruing from rental or use and occupancy of real property after the death of the intestate become the property of the heirs to whom the real property descends. See *Trust Co. v. Frazelle,* 226 N. C. 724, 40 S. E. (2) 367. Indeed, it may be that the benefits paid under the AAA are matters of concern only to the heirs at law.

The only right that the administration can have in the real property of his intestate is the right to subject it to the payment of the debts and costs of administration when the personal property is insufficient for that purpose. *Parker v. Porter, supra.*

Applying these principles to the case in hand, it would seem that the duties, obligations and liabilities of the administrators may have been confused with their rights and liabilities as heirs at law.

Hence in the light of this opinion the case is remanded to the end that the matter be re-heard and the facts found in their true legal light.

Error and remanded.