J. W. ALEXANDER, JR., ADMINISTRATOR D. B. N. OF THE ESTATE OF MORRIS A. GALLOWAY, DECEASED, PETITIONER, v. ANNIE GALLOWAY, UNMARRIED, A. J. GALLOWAY AND WIFE, DORA GALLOWAY, J. HENRY GALLOWAY AND WIFE, LUNDY K. GALLOWAY, MARY GALLOWAY CALDWELL AND HUSBAND, SAM B. CALDWELL, NELLE GALLOWAY SMIDT AND HUSBAND, RUDOLPH SMIDT, O. F. GALLOWAY, UNMARRIED, ROGER A. GALLOWAY AND WIFE, ZULA S. GALLOWAY, T. I. GALLOWAY AND WIFE, ELIZABETH GALLOWAY, W. LAWSON GALLOWAY AND WIFE, BERTHA C. GALLOWAY, W. O. McGIBONY, TRUSTEE, THE FEDERAL LAND BANK OF COLUMBIA, AND FEDERAL FARM MORTGAGE CORPORATION, RESPONDENTS.

(Filed 3 March, 1954.)

**1. Descent and Distribution § 1: Executors and Administrators § 5—**

Upon the death of a person intestate, his real property descends directly to his heirs, and the sole right of the administrator therein is the right to sell the land to make assets to pay debts of the estate and the cost of administration provided the personalty is insufficient for that purpose.

**2. Executors and Administrators § 17—**

A secured creditor need not present his claim for allowance to an executor or administrator in order to preserve his right to enforce his security.

**3. Same—**

A secured creditor must present his claim to the executor or administrator if he seeks to obtain payment either in full or in part out of the general assets of the estate.

**4. Executors and Administrators § 13—**

Where petition by an administrator to sell lands to make assets to pay debts does not allege that certain secured creditors had filed claim to have the debts paid out of the general assets of the estate, the petition fails to make out a right to sell the lands to make assets for the purpose of paying such secured creditors.

**5. Same—**

The pendency of contested actions against the estate to recover upon an implied contract for services rendered decedent will not support a petition of the administrator to be allowed to sell lands of the estate to make assets to pay debts.

**6. Same: Pleadings § 28—**

In proceedings by the administrator to sell lands to make assets to pay debts of the estate, allegations of respondents denying the existence of any debt of the estate which would warrant the relief, *is held* to raise issues of fact precluding judgment on the pleadings in favor of petitioner.

**7. Appeal and Error § 20c—**

An order entered after the entry of the judgment appealed from and after case on appeal has been agreed to, is no part of the case on appeal and will not be considered.

**8. Descent and Distribution § 12: Executors and Administrators § 13a—**

> Heirs at law have the right to pay off indebtednesses against the estate, including costs of administration, in order to prevent the sale of realty to make assets.

BOBBITT, J., took no part in the consideration or decision of this case.

APPEAL by respondents T. I. Galloway and wife Elizabeth Galloway from *Sharp, Special J.,* Extra Civil Term March 1953 of MECKLENBURG.

This is a special proceeding brought by J. W. Alexander, Jr., Administrator *d. b. n.* of the Estate of Morris A. Galloway, deceased, to sell realty to make assets to pay debts of his intestate under G.S. N.C., 28-81 *et seq.*

The parts of the petition material for decision are summarized as follows: (1) Petitioner's intestate died 22 October 1939, survived by his widow, who died 5 March 1942, and by nine children, who were at the time of intestate's death, and now are, his sole heirs at law, and giving their names, addresses, and stating that all children and all the spouses of the children who are married are over 21 years of age: (2) The amount of debts now outstanding against the estate is approximately $8,537.94, exclusive of the charges of administration, and the said debts consist of (A) Judgment in favor of E. B. Solomon, rendered 2 June 1947 and docketed in Judgment Docket 12, p. 18, in the Clerk of the Superior Court's office for Mecklenburg County, which judgment with costs and interest is about $1,696.48; (B) Two promissory notes amounting to $9,300.00, face value, executed and delivered by the intestate and his wife, in 1934 to the Land Bank Commissioner, and each note secured by a separate deed of trust properly recorded conveying a 93 acre tract of land owned by petitioner's intestate and described in the petition as the First Tract, to the Federal Land Bank of Columbia, South Carolina, and on said two notes there is now due $6,841.46, with interest on $5,415.00 from 1 May 1952, these two notes and two deeds of trust have been transferred by operation of law to the Federal Farm Mortgage Corporation, which is now the owner and holder of said indebtedness; (C) An action pending in the Superior Court of Mecklenburg County brought by Annie Galloway, a daughter of petitioner's intestate, against the estate, in which she alleges the estate is indebted to her in the sum of $4,625.00 under an implied contract with petitioner's intestate for services rendered to him and his wife; (D) A similar action pending in the same court brought by Nelle Galloway, a daughter of petitioner's intestate, on the same ground to recover $8,375.00 from the estate; (E) Whatever North Carolina inheritance tax may be due has not been determined: (3) The personal property of petitioner's intestate since his death has never been more than a few hundred dollars in value, and at present the estate has no personal property, and therefore it is necessary to sell realty to create assets to pay

debts of the estate and costs of administration, which have not been determined: (4) That petitioner's intestate at his death owned two tracts of land—the first tract consisting of 93 acres and worth about $26,390.00, which tract is encumbered by the two deeds of trust set forth above; and a second tract worth about $1,170.00, which is unencumbered. Wherefore, the petitioner prayed that judgment be entered authorizing him to sell the first tract of land, or so much thereof as may be necessary, free of encumbrances, to make assets to pay debts of the estate.

None of the respondents filed answers, except T. I. Galloway and wife and W. O. McGibony, Trustee, The Federal Land Bank of Columbia and Federal Farm Mortgage Corporation. On 4 September 1952 and on 15 September 1952 the Clerk of the Superior Court of Mecklenburg County entered judgments by default against the respondents who did not answer adjudging "the petitioner is entitled to the relief prayed in the petition."

T. I. Galloway and his wife demurred to the petition. The demurrer on 25 September 1952 was adjudged sham and frivolous by the Clerk of the Superior Court, who further adjudged that all respondents have been properly served with process and are subject to the jurisdiction of the court; that the answer of McGibony, Trustee, The Federal Land Bank of Columbia and Federal Farm Mortgage Corporation does not raise any issue of fact or deny any allegations of the petition, but prays that if the relief sought in the petition be granted, that the deeds of trust held by them be declared first liens on the purchase price; that the petitioner is entitled to the relief prayed and directed him to sell the tract of land described as the First Tract. The respondents T. I. Galloway and wife excepted, and appealed to the judge.

. The Superior Court Judge presiding over the 29 September 1952 Extra Civil Term of Court entered judgment affirming the Clerk's judgment overruling the demurrer, but reversing the Clerk's judgment adjudging that the demurrer was sham and frivolous and reversing the Clerk's judgment upon the pleadings, and allowed T. I. Galloway and wife to file answer.

The relevant parts of their answer follow: (1) The amount of the judgment in favor of Solomon is less than $1,600.00. (In this Court T. I. Galloway and wife on 10 November 1953 filed a motion that they be permitted to amend their answer so as to allege that the judgment in favor of Solomon has been paid in full, and attached to their motion a letter from the Clerk of the Superior Court of Mecklenburg County to their counsel of record stating that the judgment in favor of Solomon recorded in Book 12, p. 18, has been canceled in full on 5 November 1953; which motion was allowed by us): (2) That the petitioner has denied the claims of Annie Galloway and Nelle Galloway, that neither of said

claims has been reduced to judgment and that said claims are not at this time a debt of the estate: (3) There is no final inheritance tax liability by the heirs of M. A. Galloway to the State of North Carolina: (4) Immediately after the funeral of M. A. Galloway his nine children and their husbands and wives met and entered into an agreement whereby the respondent T. I. Galloway, his brother O. F. Galloway, and his sisters Annie and Nelle Galloway would live at the home, would assume the support of their mother and would pay the entire indebtedness of the estate in return for which they were to be deeded the entire property of the estate: (5) At the time of the agreement the estate was indebted on the aforesaid two deeds of trust in the amount of $10,300.00, which indebtedness was long overdue, the funeral expenses were unpaid, there were no funds of the estate to pay these debts and the two tracts of land described in the petition were worth less than the secured debts: (6) That M. A. Galloway's widow at his death was paralyzed and unable to care for herself and T. I. Galloway, O. F. Galloway and Annie and Nelle Galloway lived at the home and cared for her needs until her death 5 March 1942—all working and contributing to the expenses: (7) These four paid the funeral expenses: (8) Shortly after M. A. Galloway's death the Federal Land Bank instituted foreclosure proceedings: (9) T. I. Galloway, his brother O. F. Galloway and his sisters Annie and Nelle Galloway caused the Land Bank to withdraw its foreclosure proceedings by agreeing to pay on its indebtedness $100.00 a month until they had paid $2,000.00, and then paying $900.00 a year until the two deeds of trust had been paid in full; that these payments have been made by them as agreed and there is now due on the notes secured by the deeds of trust less than $7,000.00, and these four heirs now stand ready, willing and able to pay all the costs of administration and any other debts of the estate which may be determined: (9) The second tract of land described in the petition is worth $1,200.00, and is sufficient to pay the debts of the estate, and if not, these respondents are able and willing to pay any deficiency, and that it is not to the best interests of the estate to sell the first tract of land.

On 26 February 1953 the Clerk of the Superior Court of Mecklenburg County, on motion of the petitioner, entered judgment upon the pleadings authorizing and directing the petitioner to sell the first tract of land described in the petition, or so much thereof as may be necessary, to pay the debts of the estate—said land to be sold free and clear of encumbrances. The respondents T. I. Galloway and wife excepted and appealed to the Superior Court Judge.

The Judge of the Superior Court entered judgment affirming the Clerk's judgment in all respects.

Whereupon the respondents T. I. Galloway and wife excepted and appealed to the Supreme Court.

*Covington & Lobdell for plaintiff, appellee.*
*Mullen, Holland & Cooke for defendants, appellants.*

PARKER, J. At the regular Civil May Term 1948 of Mecklenburg County the presiding judge rendered an order affirming the Clerk's order removing T. I. Galloway and O. F. Galloway as administrators of the estate of M. A. Galloway. Upon appeal to this Court error was found and the case was remanded to the lower court. *In re Estate of Galloway,* 229 N.C. 547, 50 S.E. 2d 563.

When a person dies intestate his real property descends direct to his heirs at law. The sole right the administrator can have in his intestate's realty is the right to subject it to the payment of the debts of his intestate and the costs of administration, when the personalty is insufficient for that purpose. *James v. Withers,* 126 N.C. 715, 36 S.E. 178; *Parker v. Porter,* 208 N.C. 31, 179 S.E. 28; *In re Estate of Galloway, supra.*

In this jurisdiction, and according to the weight of authority elsewhere, it is held that a secured creditor need not present his claim for allowance to an executor or administrator in order to preserve his right to enforce his security. *Dennis v. Redmond,* 210 N.C. 780, 188 S.E. 807; 34 C.J.S., Executors and Administrators, Sec. 403; 21 Am. Jur., Executors and Administrators, Sec. 360.

Where a secured creditor seeks to obtain payment either in full or of a deficiency out of the general assets of the estate and thus to enforce his claim against property not covered by his lien or held by him as security, presentation of his claim is necessary to preserve the right to payment out of the general assets of the estate. *Dennis v. Redmond, supra;* 34 C.J.S., *ibid.,* Sec. 403; 21 Am. Jur., *ibid.,* Sec. 360 and Sec. 367.

Petitioner's intestate died 22 October 1939. The petition alleges the appointment of T. I. Galloway and O. F. Galloway as administrators of the estate of M. A. Galloway by the Clerk of the Superior Court of Mecklenburg County on 6 March 1940, their removal on 24 April, 1952, and the appointment of the petitioner as administrator *d. b. n.* on 6 May 1952.

The petition does not allege the presentation of a claim by the past or present owner and holder of the notes secured by the deeds of trust for allowance to the administrators, or any of them. Apparently the lienholder was satisfied with its security, or considered the estate in such shape after M. A. Galloway's death that the presentation of his claim would be useless. Therefore, it would seem under the allegations of the petition the petitioner is under no obligation to pay these secured liens.

The petition alleges pendency of a civil action in the Superior Court of Mecklenburg County brought by Annie Galloway against the estate in which she alleges the estate is indebted to her in a certain amount under an implied contract with petitioner's intestate for services rendered to him and his wife, and a similar action brought by Nelle Galloway pending in the same court on the same grounds to recover a certain amount from the estate. The respondents in their answer allege that the petitioner has denied both claims. Neither of said actions has been reduced to judgment. To sell land to pay debts, the existence of valid and enforceable debts of the estate must be shown. These two actions are contested. This is not sufficient to sell land to create assets to pay debts. 34 C.J.S., Executors and Administrators, Sec. 539; see also *Robinson v. McDowell,* 133 N.C. 182, 45 S.E. 545. In the oral argument counsel for appellee stated that judgments of nonsuit had been entered in both actions.

The petition alleges whatever North Carolina inheritance tax may be due has not been determined. The respondents deny this, and allege there is no inheritance tax liability.

The petition alleges these debts against the estate: (1) A judgment in favor of E. B. Solomon, which the respondents allege has been paid in full; (2) two actions pending against the estate, which the counsel for the petitioner admitted in the oral argument had been nonsuited; (3) a possible inheritance tax liability to the estate which the respondents deny; (4) and the secured claims.

Issues of fact are raised by the pleadings as to whether there is a valid and enforceable debt against the estate, and the court was without power to enter judgment upon the pleadings. *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384; *Crew v. Crew,* 236 N.C. 528, 73 S.E. 2d 309.

After the argument in this special proceeding, attorneys for the appellee filed in the office of the Clerk of the Supreme Court what purports to be an allowance of counsel fees against the estate. This purported order is no part of the case on appeal and is not considered. Further, it appears that the case on appeal was agreed to by counsel of record on 20 April 1953, and the purported order allowing counsel fees was entered 1 May 1953.

The heirs at law of an estate have a right to pay off the indebtedness, if any, of the estate so as to take the realty of the estate free from any claims of the administrator. *James v. Withers, supra; Parker v. Porter, supra; Chambers v. Byers,* 214 N.C. 373, 199 S.E. 398; 34 C.J.S., Executors and Administrators, p. 502. The petitioner alleges the costs of administration have not been determined. When determined the heirs shall be allowed a reasonable time to pay the costs of administration before the realty is ordered to be sold. *James v. Withers, supra.*

The judgment below is set aside, and this proceeding is remanded to the end that the issues of fact raised by the pleadings may be submitted to a jury for decision. *Erickson v. Starling, supra.*

Error.

Bobbitt, J., took no part in the consideration or decision of this case.