GILBERT P. WELCH AND HUSBAND, J. ARTHUR WELCH, PETITIONERS v. RUTH P. KEARNS AND HUSBAND, AUSTIN F. KEARNS, A. M. PRIMM AND WIFE, SARAH H. PRIMM, CLEO P. GREEN AND HUSBAND, WALTER GREEN, RICHARD W. PRIMM AND WIFE, GERTRUDE B. PRIMM, DEFENDANTS.

(Filed 1 May 1963.)

**1. Judicial Sales § 8;    Partition § 9—**

A commissioner appointed to sell land for partition is entitled to have the Superior Court determine *de novo* the reasonableness of his commission upon appeal by some of the tenants in common from order of the

clerk fixng such commission. The power of the clerk to fix a fee in an amount as he may deem just, fair and reasonable, G.S. 1-408, is not divested by the provisions of G.S. 28-170.

**2. Appeal and Error § 4—**

A commissioner who is entitled to have his fees or compensation fixed as provided by law, and taxed as a part of the cost, is entitled to have an order reviewed which in his opinion has fixed his compensation at less than he in good faith believes his services to be worth.

APPEAL by the commissioner from *Olive, J.,* 8 December Term 1962 of DAVIDSON.

This is a special proceeding instituted by the plaintiffs on 11 March 1961, which, according to the petition filed herein, alleges that the parties are all the heirs, including their respective spouses, of Archie A. Primm, who died intestate owning 17.38 acres of land which is the subject of this proceeding.

The petitioners alleged that a partition of the land was not practicable and requested that a commissioner be appointed to sell the land as a whole or that it be subdivided and sold in the discretion of the commissioner. M. E. Gilliam was appointed commissioner and given authority to do that which in his opinion was necessary to obtain the highest price for the property.

The commissioner subdivided the land into twenty lots and sold the lots for a total sum of $72,194.10, less expenses of the sales in the sum of $3,267.17, leaving a net balance of $68,926.93, which amount was paid into the office of the Clerk of the Superior Court of Davidson County and which sum is now held by said Clerk.

The Clerk of the Superior Court of Davidson County appointed E. W. Hooper as attorney for the commissioner. Said Clerk allowed the commissioner the sum of $7,000 for his services and his attorney the sum of $3,500.

Cleo P. Green and Ruth P. Kearns, two of the defendants, each of whom owns a one-fifth interest in the proceeds from the sale of the land involved, appealed to the Superior Court from the order making the aforesaid allowance.

His Honor, Judge Olive, heard the appeal and reduced the attorney's fee to $2,500, from which there is no appeal; and ruled as a matter of law that the commissioner's fee is determined by G.S. 28-170 and cannot exceed five per cent of the receipts and disbursements, excluding distribution of the shares of the heirs.

Whereupon, the cause was remanded to the Clerk of the Superior Court of Davidson County to compute and pay the commissioner's

fee at five per cent of the receipts and disbursements, excluding distribution of the shares of the heirs.

The commissioner appeals, assigning error.

*W. H. Steed for defendant appellees.*
*E. W. Hooper for commissioner appellant.*

DENNY, C.J.    The question for determination is whether in a civil action or special proceeding wherein a Commissioner is appointed to sell land, such commissioner's fee is to be determined pursuant to the provisions of G.S. 1-408 or G.S. 28-170.

In the case of *Ray v. Banks,* 120 N.C. 389, 27 S.E. 28, this Court held the compensation to a commissioner for making a partition sale was governed by Section 1910 of the Code of 1883. This section read as follows: "In sales of real estate under this chapter, the allowance for services in making sale and title, to the officer or person appointed to sell, shall be as follows: For sales of five hundred dollars or less, not more than ten dollars; for sales of two thousand and not less than five hundred dollars, not more than two per centum; and, when the allowance shall amount to forty dollars, any additional compensation shall not exceed the rate of one per centum."

In *Williamson v. Bitting,* 159 N.C. 321, 74 S.E. 808, the defendants excepted to the report of the referee because he had allowed W. A. Whitaker (one of the executors) as commissioner, on the proceeds from the sale of lands for partition, more than the amount fixed by the statute for sales in partition proceedings. This Court said: "This was a sale for partition, and not in the execution of any trust by the executors. It is such in form and substance, and the commissioner or executors should be allowed commissions only at the statutory rate. Revisal, sec. 2792; *Ray v. Banks,* 120 N.C. 389."

The provisions of Section 2792 of the Revisal of 1905 were substantially the same as those contained in Section 1910 of the Code of 1883, and the provisions of Section 3896 of the Consolidated Statutes of 1919 were identical with Section 2792 of the Revisal of 1905.

The General Assembly of 1923 enacted Chapter 66 of the Public Laws of North Carolina, and Section 1 of said Chapter, now codified as G.S. 1-408, reads as follows: "In all civil actions and special proceedings instituted in the superior court in which a commissioner, or commissioners, are appointed under a judgment by the clerk of said court, said clerk shall have full power and authority and he is hereby authorized and empowered to fix and determine and allow to such commissioner or commissioners a reasonable fee for their services per-

formed under such order, decree or judgment, which fee shall be taxed as a part of the costs of such action or proceeding, and any dissatisfied party shall have the right of appeal to the judge, who shall hear the same *de novo.*

Section 3 of Chapter 66 of the Public Laws of 1923 repealed all laws and clauses of laws in conflict with the provisions of said Chapter to the extent of such conflict.

In the General Statutes of North Carolina none of the provisions contained in Consolidated Statutes, Sections 3894 through 3899, were brought forward, but in the table of deleted sections in Volume 4A of the General Statutes of North Carolina, at page 397, the foregoing sections are shown as superceded by G.S. 1-408.

The previous statutes, Section 1524 of the Code of 1883, Section 149 of the Revisal of 1905, and Section 157 of the Consolidated Statutes of 1919, applied only to commissions to be paid to executors, administrators and collectors. Section 157 of the Consolidated Statutes of 1919 was rewritten and enacted by the General Assembly in Chapter 124 of the Public Laws of 1941, now codified as G.S. 28-170, and governs the amount of commissions to be paid to executors, administrators, testamentary trustees, collectors, or other personal representatives or fiduciaries. Even so, we do not construe the provisions of G.S. 28-170 to divest the clerk of the superior court of the powers and duties expressly committed to him by the provisions of G.S. 1-408 with respect to the fees of commissioners appointed for the sale of land as provided therein. Hence, we hold that the appellant is entitled to have this cause remanded to the judge of the superior court, who shall hear the matter *de novo* and fix the appellant's fee in such amount as he may deem just, fair and reasonable.

The appellees contend and insist that since the appellant is not a party to this proceeding he is not entitled to a review of the order entered below. No case is cited from this jurisdiction in which the identical point has been adjudicated, and we have found none.

In 4 C.J.S., Appeal and Error, section 193, page 592, it is said: "An executor or administrator is entitled to review of a decision making allowances for expenses of administration, or fixing his compensation at less than he is entitled to."

In the case of *Edwards v. Western Land & Power Co.*, 27 Cal. A. 724, 151 P 16, the Court said: "In so far as the order of the court undertaking to settle the accounts of the receiver and fix his compensation is concerned, the receiver has the right of appeal * * *."

Likewise, since the commissioner is an agent of the court and accountable to it for his actions in connection with the discharge of his

duties as commissioner, and entitled to have his compensation fixed as provided by law and taxed as a part of the costs of the proceeding, we hold he is entitled to have an order reviewed which in his opinion has fixed his compensation at less than he in good faith believes his services to be worth.

Error and remanded.