BECKER COUNTY SAND & GRAVEL COMPANY v. A. R. TAYLOR, ADMINISTRATOR OF MARY JANE (MOLLIE) GILCHRIST ESTATE, DECEASED; W. C. GILCHRIST AND WIFE, CLARA GILCHRIST; ELSIE T. WESTER AND HUSBAND, HORACE WESTER; CLARA T. BROWN AND HUSBAND, W. HAL BROWN; GERTRUDE T. MYERS AND HUSBAND, FRED MYERS; AND WAYNE BROWN AND WIFE, DOROTHY BROWN.

(Filed 8 March, 1967.)

1. **Courts § 6—**
   Construing G.S. 1-276 and G.S. 1-272 *in pari materia,* it *is held* that the Superior Court does not acquire jurisdiction of a special proceeding before the clerk when there is no appeal from the order of the clerk by a party aggrieved.

2. **Statutes § 5—**
   Statutes dealing with the same subject matter will be construed *in pari materia* and harmonized to give effect to each.

3. **Judicial Sales § 5—**
   The rights of the last and highest bidder at a judicial sale, whose bid has been confirmed by order of the clerk, may not be divested except on the ground of mistake, fraud or collusion, in a hearing after notice and opportunity to be heard by all parties in interest.

4. **Notice § 1—**
   All parties in interest must be given notice of motion before the clerk, except in regard to motions which may be granted as a matter of course.

5. **Partition § 10—**
   While there was pending in partition proceedings a motion to dismiss on the ground that movant had acquired the entire interest in the property, the assistant clerk entered an order confirming the prior public sale of the property, and thereafter the clerk allowed the motion to dismiss without notice to the last and highest bidder. *Held:* The entering of the order of confirmation while the motion to dismiss was pending was ir-

regular, and the dismissal of the proceeding without notice to the last and highest bidder was also irregular, and therefore both orders must be vacated and the cause remanded for a plenary hearing before the clerk after notice to all the parties of record, including the purchaser at the judicial sale.

**6. Judicial Sales § 8—**

While the commissioner conducting a judicial sale may protect his right to commissions, G.S. 1-408, or defend an attack upon his accounts, he has no right to intermeddle in questions affecting the rights of the parties or the disposition of the property in his hands.

APPEAL by plaintiff from *Bailey, J.,* 16 May 1966 Civil Session of HARNETT. This case was argued at the Fall Term 1966 as No. 619.

Special proceeding for partition of land by sale.

On 28 September 1965 plaintiff filed with the clerk of superior court of Harnett County a petition for partition of certain land formerly owned by Mary Jane (Mollie) Gilchrist, who died intestate 1 February 1965. Plaintiff alleged it was the owner of a one-fifteenth undivided interest as a tenant in common, and made the other tenants in common parties defendant in said proceeding. A. R. Taylor, administrator of the estate of Mary Jane (Mollie) Gilchrist, was made a party defendant on petitioner's allegation, *inter alia,* that the estate was without sufficient personal assets to pay debts. The petition contained the other usual allegations for partition by sale, including allegation that actual partition of the land could not be had without injury to petitioner and other interested parties.

Answer, verified by A. R. Taylor as administrator, was filed denying the material allegations of the petition.

After hearing, the clerk ordered partition by sale and appointed A. R. Taylor commissioner to sell the land at public or private sale. On 6 January 1966, the commissioner reported to the clerk that he had agreed, subject to confirmation of the court, to sell the property at private sale to plaintiff for $18,000, and recommended confirmation of the sale if no advance bid be made within ten days, as by law provided. Thereafter, the commissioner reported to the clerk that within the ten days he had received an upset bid, and the clerk thereupon ordered the property sold at public auction after due advertisement according to law, upon an opening bid of $18,950. On 18 February 1966, the commissioner reported a sale to Elsie Taylor Wester, one of the tenants in common, at the price of $18,950.

Prior thereto, plaintiff had filed a motion before the clerk on 16 February 1966 requesting that the matter be dismissed, stating in the motion that plaintiff had acquired the interests of all other

parties in the proceeding to the property described therein. The motion contained, *inter alia*, the following:

> "4. That Becker County Sand and Gravel Company herewith tenders to the court and to the administrator whatever sum is necessary to pay the debts and administration costs of the deceased Mary Jane (Mollie) Gilchrist."

Before this motion was acted on, the assistant clerk entered an order dated 4 March 1966, confirming the sale to Elsie Taylor Wester, which order directed the commissioner to pay the costs of the proceeding, including the sum of $947.50 as commissioner's fees, and to thereafter distribute the remainder to the parties entitled thereto.

On 22 April 1966 the clerk entered an order allowing plaintiff's motion of 16 February 1966 and dismissing the proceeding on condition that plaintiff pay to the administrator of the estate of Mary Jane (Mollie) Gilchrist $2,011.95 and that plaintiff pay the costs of the proceeding, including $600 to A. R. Taylor as commissioner's fees.

On 16 May 1966, Judge Bailey entered an order in which he found facts substantially as set out above and also found that A. R. Taylor had been appointed commissioner by consent of all parties, and that at the hearing on the petition for partition all parties were represented by counsel. The trial judge found that the commissioner had no notice of plaintiff's motion to dismiss the proceeding; that Mary Jane (Mollie) Gilchrist had been dead for less than two years; and that administration of her estate was still pending, with debts unpaid. Upon these findings Judge Bailey ordered that the clerk's order dismissing the proceedings be set aside and that the sale confirmed by order of the assistant clerk be confirmed. The order directed that the proceeds from the sale be paid to A. R. Taylor, commissioner, and that after payment of the costs of this action the remaining proceeds be paid to the administrator.

To the signing of the order plaintiff appeals, excepting to the finding of facts as not being based on evidence appearing of record, and to the court's refusal to permit plaintiff to introduce evidence.

*Edgar R. Bain for plaintiff appellant.*
*Robert B. Morgan and Robert H. Jones for defendant appellee.*

BRANCH, J. G.S. 1-276 provides in pertinent part: "Whenever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty, upon

the request of either party, to proceed to hear and determine all matters in controversy in such action . . ." However, G.S. 1-272 provides in pertinent part: "But an appeal can only be taken by a *party aggrieved,* who appeared and moved for, or opposed, the order or judgment appealed from, or who, being entitled to be heard thereon, had no opportunity of being heard, which fact may be shown by affidavit or other proof." (Emphasis ours) As these statutes deal with the same subject matter, they must be construed *in pari materia,* and harmonized to give effect to each. Strong, N. C. Index, Vol. 4, Statutes, § 5, at p. 182. In so doing, we note that the record does not disclose an appeal taken from the clerk of superior court to the superior court by a "party aggrieved" or "for any ground whatever."

Thus, the proceeding was not properly before the judge of superior court, since the record does not show an appeal from the clerk of superior court.

We have the anomalous situation of two orders of equal authority being entered by the office of the clerk of superior court of Harnett County. The order of confirmation dated 4 March 1966 purported to vest an equitable interest in the lands described in the petition in Elsie Taylor Wester, one of the tenants in common, of which she could be divested only on the ground of mistake, fraud or collusion. Strong, N. C. Index, Vol. 3, Judicial Sales, § 5, p. 71; *Perry v. Jolly,* 259 N.C. 305, 130 S.E. 2d 654. Yet the record is void as to her participation in any manner in this appeal or as to her continued claim or interest in the property. As a general rule, the order entered on 22 April 1966 allowing plaintiff's motion of 16 February 1966 to dismiss the proceeding on condition that plaintiff pay to the administrator a sum sufficient to pay all of decedent's debts, including costs of court and commissions, would seem proper. Ordinarily, heirs or their successors in interest have the right to pay off the debts of the estate in order to prevent sale of real estate. *Alexander v. Galloway,* 239 N.C. 554, 80 S.E. 2d 369. Further, if the tenancy in common is extinguished by the petitioner becoming the sole owner of the property, it would be a vain and useless thing to have the commissioner execute a deed to the person who already owns the entire interest in the property. However, there is no evidence of complete ownership in the plaintiff, except in his allegation and in the findings of fact by the clerk of superior court in a now-vacated order.

Further considering the proceedings in this cause, we find irregularities in that the office of the clerk entered an order on 4 March 1966 confirming the sale while there was a motion pending in the same office to dismiss the entire proceeding. Also, the order

GRAVEL CO. *v.* TAYLOR.

entered on 22 April 1966, which allowed plaintiff's motion to dismiss the proceeding, was entered without notice to adverse parties. " '(A)ll motions . . . other than those grantable as a matter of course . . . must be on notice.' . . . The court was powerless to take away the vested interest of (a purchaser at a judicial sale) without notice and opportunity to be heard." *Perry v. Jolly, supra.*

We are unable to determine with certainty the identity of the real appellant from the clerk to the superior court. However, both appellant and appellee contend in their respective briefs that this appeal arose solely from a dispute as to the amount of commissions to be paid the court-appointed commissioner.

" 'A special commissioner in a chancery cause, or a receiver of the court, is simply an officer of the court, and as such he has no right to intermeddle in questions affecting the rights of the parties, or the disposition of the property in his hands. . . . (H)e cannot interfere in the litigation or ask for the revision of any order or decree affecting the rights of the parties; but when his own accounts or his personal rights are affected, he has the same means of redress that any other party so affected would have.' " *Summerlin v. Morrisey,* 168 N.C. 409, 84 S.E. 689.

G.S. 1-408 sets out the proper procedure for determination of fees to be allowed court-appointed commissioners. See also *Welch v. Kearns,* 259 N.C. 367, 130 S.E. 2d 634.

Therefore, the order of Judge Bailey dated 16 May 1966, the order of the assistant clerk of superior court of Harnett County dated 4 March 1966, and the order of the clerk of Harnett County superior court dated 22 April 1966, are vacated. This cause is remanded to Harnett County Superior Court to the end that the court direct the clerk of superior court to hold plenary hearing upon notice to all parties of record (including the purchaser at the judicial sale) and at such hearing to take evidence and find facts as to the interest of all parties to this proceeding, and to enter judgment thereon according to law.

Error and Remanded.