N. J. MUSE, ADMINISTRATOR OF ENNIS. EDWARDS, DECEASED (NELLIE E.
    HOYLE, ADMINISTRATRIX D. B. N. OF ENNIS EDWARDS, DECEASED), V.
    WILBUR EDWARDS, ARTHUR EDWARDS, ROSA McNEILL AND
    AGGIE SHANKLE.

(Filed 5 May, 1943.)

Courts § 2c—

> In order to entitle the judge of the Superior Court to review a ruling
> of the clerk in a matter in which the latter has original jurisdiction, an
> appeal must be taken within ten days after the entry of the order or judg-
> ment of the clerk, upon due notice in writing to be served upon the appel-
> lee and a copy of which shall be filed with the clerk.

APPEAL by plaintiff Nellie E. Hoyle, administratrix, from *Warlick,
J.,* at September Term, 1942, of MOORE. Reversed.

Motion to dismiss defendants' appeal from the clerk was denied, and
plaintiff administratrix appealed.

*S. R. Hoyle for plaintiff.*
*H. F. Seawell, Jr., and J. Talbot Johnson for defendants.*

DEVIN, J. The only question presented for review is the correctness
of the ruling of the court below in denying plaintiff's motion to dismiss
the defendants' appeal from the clerk to the judge.

The ruling complained of was based on the finding that on the hearing
before the Clerk, 19 July, 1942, on petition for writ of assistance on
behalf of the purchasers at a sale of land to make assets, the clerk took
the matter under advisement, and two days later rendered decision in
favor of the petitioners. Written notice of appeal to the judge was
delivered to the clerk, but was not served on petitioners or their counsel.
The court, however, found that at the hearing 19 July before the clerk
counsel for both sides stated that in the event of an adverse decision "an
appeal would be prayed to the judge at term." On 21 July defendants'
counsel personally attempted to serve notice of appeal on petitioners'
counsel, but not finding him in his office no other or further attempt was
ever made to serve the notice of appeal on the petitioners or their coun-
sel. At the September Term, 1942, petitioners' motion before the judge
to dismiss the appeal was denied, and the clerk was directed to docket
the appeal for hearing at the succeeding term.

In order to entitle the judge of the Superior Court to review a ruling
of the clerk in a matter in which the latter has original jurisdiction the
procedure prescribed by C. S., 633, must be followed. This section
contains the following provisions: "An appeal must be taken within
ten days after the entry of the order or judgment of the clerk upon due

notice in writing to be served upon the appellee and a copy of which shall be filed with the clerk of the Superior Court."

It is apparent that the appeal here was not perfected in accordance with the statute. Notice was not served on appellees or their counsel, nor was service of notice waived. The statement of counsel before the clerk's decision was rendered that an appeal would be prayed was insufficient to obviate the necessity of service of notice of appeal. Counsel for defendants apparently recognized this fact, and attempted to serve notice on plaintiff's counsel, but not finding him in made no further effort. Hence, no valid appeal having been taken, the petitioners were entitled to have their motion allowed.

The only matter before the court below was whether the defendants' appeal from the clerk had been perfected, and that is the only question presented here. The undoubted power of the judge of the Superior Court to determine matters pending in the Superior Court, whether his jurisdiction be original or derivative, is not before us. *Cody v. Hovey,* 219 N. C., 369, 14 S. E. (2d), 30. Whether the clerk had power to issue the writ of assistance does not arise on this record. *Bank v. Leverette,* 187 N. C., 743, 123 S. E., 68; *Gower v. Clayton,* 214 N. C., 309, 199 S. E., 77; McIntosh Practice and Procedure, 859. What remedies, if any, are available to the defendants under the facts as they may be made to appear we are not called upon to decide.

On the record before us, we think there was error in denying petitioners' motion to dismiss the appeal from the clerk, and that the judgment below must be

Reversed.