W. CLEVE DAVIS, PETITIONER v. THE ZONING BOARD OF ADJUSTMENT OF
UNION COUNTY, N. C. CONSISTING OF CHARLES YANDLE, CHAIR-
MAN OF THE BOARD, LEON MOORE, VICE CHAIRMAN OF THE
BOARD, OREN PIGG, CHARLES McGEE, JACK HAYWOOD, MEMBERS
AND WILLIE McDOW AND CLARK RUMMAGE, ALTERNATES,
RESPONDENTS

No. 7820SC715

(Filed 5 June 1979)

**Appeal and Error § 9— appeal rendered moot by zoning ordinance amendments**

> Appeal from a county zoning board of adjustment is dismissed where the
> questions presented have been rendered moot by amendments to the county
> zoning ordinance.

APPEAL by petitioner from *Walker (Hal H.), Judge.* Judgment
entered 17 April 1978 in Superior Court, UNION County. Heard in
the Court of Appeals on 25 April 1979.

The uncontraverted facts disclosed by the record in this case
are as follows:

In the Spring of 1977, the petitioner purchased a 22.9 acre
tract of land in Union County that was located in the R-20
residential zone. Prior to its purchase by the petitioner, the land
had been used as a pasture for cattle. On 2 August 1977, peti-
tioner began building a house to be used as his personal
residence, on the property. In addition, the petitioner built pens
for his fifteen dogs immediately behind his residence. The peti-
tioner intended to use the property as a cattle farm, and he plan-
ned to use his dogs in connection with the raising of cattle. On 27
October 1977, the petitioner received a letter from the Director of
the Union County Department of Inspection informing him that
his keeping of the fifteen dogs constituted a kennel under the
definition of "kennel" in Section 41.34 of the Union County Zoning
Ordinance and that he was therefore in violation of Section 41.53
of the Zoning Ordinance which limited the keeping of household
pets to two. The letter stated, "This matter must be cleared up
and the kennel disposed of by no later than November 16, 1977."

The provisions of these sections of the Union County Zoning Ordinance which were in effect at that time were as follows:

41.34 KENNEL. Any activity involving the permanent or temporary keeping or treatment of a greater number of animals than permitted in residential occupancy.

41.53 RESIDENTIAL OCCUPANCY. Those activities customarily conducted in living quarters in an urban setting, and excluding such activities as the keeping of livestock or fowl, activities resulting in noise which constitutes a nuisance in a residential area, and activities which involve the storage, visible from off the lot, of motor vehicle parts, machinery or parts, junk or scrap materials, and excluding the keeping on any lot of more than two household pets per family, but this shall not be construed to prevent the keeping of the litter of a house hold pet until able to be separated from their mother.

On 4 November 1977, petitioner appealed to the Union County Zoning Board of Adjustment. After a hearing, the Board upheld the zoning enforcement officer's decision, and sent the following letter to the petitioner:

Dear Mr. Davis:

The Union County Zoning Board of Adjustment, meeting in regular session on Monday, January 9, 1978, took action on your appeal. The Zoning Board did uphold the zoning enforcement officer's interpretation of the Union County Zoning Ordinance.

Therefore, we have no alternative but to ask that the kennel be dissolved by January 24, 1978. Under the zoning ordinance, you are allowed to maintain two household pets.

Your cooperation in this matter will be greatly appreciated.

Yours truly,

CHARLES YANDLE, CHAIRMAN
UNION COUNTY ZONING BOARD
OF ADJUSTMENT

Mrs. Wanda S. Helms
Secretary to the Board

Pursuant to G.S. § 153A-345(e), Mr. Davis petitioned the superior court for a writ of certiorari to review the decision of the Zoning Board of Adjustment. On 17 April 1978, the court entered an Order affirming the decision of the Board. Petitioner appealed.

*Love and Milliken, by John R. Milliken, for petitioner appellant.*

*Griffin, Caldwell & Helder, by Thomas J. Caldwell and H. Ligon Bundy, for respondent appellees.*

HEDRICK, Judge.

After the record and briefs were filed in this case, the parties filed in this Court the following stipulation:

> On October 9, 1978, the Union Board of Commissioners adopted certain amendments to the Union County Zoning Ordinance which all parties agree could have a definite effect on the case on appeal.

> The amendments are hereby offered as exhibits to the Court under Rule 9c(2) of the Rules of Appellate Procedure for whatever effect on the case on appeal that the Court deems them to have.

Attached to the stipulation is a copy of the amendments that is certified to be a true copy by Barbara W. Moore, Clerk, Union County Zoning Board of Adjustment, and which provides:

> Section 1. The Union County Zoning Regulations as embodied in the Zoning Ordinance are hereby amended. as follows:

> . . .

> 3. Amend Section 41.34 *Kennel* to read as follows:

> "Any activity involving the permanent or temporary keeping or treatment of animals for commercial purposes. Commercial purposes shall include but not be limited to the following: Animal hospitals, veterinarian's offices, and storage of pets belonging to someone other than the owner or operator of the premises for monetary gain. Incidental

breeding and offering the resultant litter for sale shall not constitute the operation of a kennel."

4. Amend Section 41.53 Residential Occupancy by deleting this section in its entirety.

Petitioner, in his brief, challenges the constitutionality of Sections 41.34 and 41.53 of the Union County Zoning Ordinance as they existed prior to their amendment on 9 October 1978.

By filing on 10 January 1979 the stipulation and amendment to the zoning ordinance, the parties suggest that the questions raised on this appeal are moot. We think the following rule is applicable:

When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.

*State ex rel. Utilities Commission v. Southern Bell Tel. & Tel. Co.,* 289 N.C. 286, 290, 221 S.E. 2d 322, 324 (1976); 1 Strong's N. C. Index 3d, *Appeal and Error* § 9, at 216 (1976).

In the case now before us all questions raised have been rendered moot by the amendments to the Union County Zoning Ordinance. We conclude that the petitioner is no longer an aggrieved party inasmuch as the ordinance that was the basis of the letter asking petitioner "to dissolve his kennel" no longer has any force and effect. Thus, the appeal is dismissed and the costs will be taxed against the respondent.

Dismissed.

Chief Judge MORRIS and Judge WEBB concur.