SPALDING DIVISION OF QUESTOR CORPORATION, DALLAS ELECTRICAL
    CONTRACTORS, INC., DALLAS PLUMBING COMPANY, W. R. MATHIS
    AND WITTEN SUPPLY COMPANY v. HORACE M. DuBOSE III, TRUSTEE,
    AND ROBERT J. BERNHARDT, TRUSTEE, AS THEIR INTERESTS MAY APPEAR

No. 7927SC1144

(Filed 6 May 1980)

**Execution § 15— collateral attack on execution sale**

> Plaintiffs' action in superior court to declare an execution sale and
> sheriff's deed void because defendants did not pay their bid in cash but merely
> cancelled judgments against the property owner constituted an impermissible
> collateral attack upon the order of confirmation of the execution sale by the
> clerk of court, plaintiffs' remedy being to proceed directly either by motion in
> the cause or appeal.

APPEAL by defendants from *Burroughs, Judge.* Judgment
signed 12 October 1979 in Superior Court, GASTON County. Heard
in the Court of Appeals 18 March 1980.

This is an action by plaintiffs to declare null and void an ex-
ecution sale and to declare void a deed issued pursuant to the ex-
ecution sale. Plaintiffs allege the execution sale is defective
because defendants did not pay cash for the property, violating
N.C.G.S. 1-339.47.

Defendants moved to dismiss pursuant to Rule 12, North
Carolina Rules of Civil Procedure, and plaintiffs moved for sum-
mary judgment. The motions were heard upon affidavits and
stipulations and the trial court denied defendants' motion to
dismiss and entered summary judgment for plaintiffs. Defendants
appeal.

Defendants secured judgments against A. C. Burgess, Jr. and
issued executions upon Burgess's property. Burgess owned a
house and lot, and the sheriff posted notice of sale of this proper-
ty under defendants' executions. Meanwhile, plaintiffs, who had
claims against Burgess for labor and materials used in construc-
tion of the house, filed liens and obtained judgments on them
against Burgess. Plaintiffs' judgments are junior in time to de-
fendants' judgments.

At the execution sale upon defendants' judgments, defend-
ants bid $32,556.88, which was paid by cancelling defendants'

judgments, rather than by payment in cash. Plaintiffs did not bid at the sale and no upset bid was filed within the ten-day period. Thereafter, the Clerk of Superior Court of Gaston County confirmed the sale by order of confirmation. No one appealed from the clerk's order of confirmation. Upon order of the clerk, the sheriff executed and delivered a deed conveying the property to defendants.

*Charles D. Gray III for plaintiff appellees Dallas Electrical Contractors, Inc. and Dallas Plumbing Company.*

*Stewart and Lowe, by Michael David Bland, for plaintiff appellee W. R. Mathis.*

*Horace M. DuBose III and Lindsey, Schrimsher, Erwin, Bernhardt & Hewitt, by Robert J. Bernhardt, for defendant appellants.*

MARTIN (Harry C.), Judge.

Defendants contend the superior court did not have jurisdiction of the cause of action alleged by plaintiffs as it is a collateral attack upon the judgment of confirmation by the clerk of superior court. If the court had jurisdiction, we are faced with the question whether the clerk had authority under Article 29B of Chapter 1 of the General Statutes of North Carolina to permit defendants to use their judgments as cash in the payment of their bid to the sheriff on the execution sale.

The clerk has original jurisdiction to enter orders confirming execution sales. "No sale of real property may be consummated until the sale is confirmed by the clerk of the superior court." N.C. Gen. Stat. 1-339.67. Appeals from the clerk of superior court to the judge are controlled by N.C.G.S. 1-272, containing the following: "An appeal must be taken within ten days after the entry of the order or judgment of the clerk . . . ." The appeal must be taken within ten days after the clerk's judgment to entitle the judge of the superior court to review the ruling. *Muse v. Edwards*, 223 N.C. 153, 25 S.E. 2d 460 (1943). There must be an appeal from the clerk's judgment to give the superior court jurisdiction. *See Ramsey v. R. R.*, 253 N.C. 230, 116 S.E. 2d 490 (1960). The superior court does not acquire jurisdiction where there is no

appeal from the clerk's judgment. *Gravel Co. v. Taylor*, 269 N.C. 617, 153 S.E. 2d 19 (1967).

Plaintiffs did not appeal from the judgment of confirmation by the clerk. Defendants contend plaintiffs' action is a collateral attack upon the clerk's order and that it cannot be maintained as their remedy is by appeal from the order of the clerk. Plaintiffs argue they are not attacking the clerk's order but are seeking to set aside the sheriff's deed. Plaintiffs ask in their complaint that the execution sale be declared null and void because defendants did not pay their bid in cash. They also ask that the sheriff's deed be declared void for the same reason. The court in its summary judgment declared that the order of the clerk is void. We hold plaintiffs are collaterally attacking the clerk's order.

Plaintiffs cannot avoid the execution sale by collateral attack; they must proceed directly, either by motion in the cause or appeal. *Williams v. Dunn*, 163 N.C. 206, 79 S.E. 512 (1913); *Henderson v. Moore*, 125 N.C. 383, 34 S.E. 446 (1899). The proper remedy to set aside an execution or a sale thereunder is by motion in the cause and not by independent action. *Henderson County v. Osteen*, 292 N.C. 692, 235 S.E. 2d 166 (1977); *Finance Co. v. Trust Co.*, 213 N.C. 369, 196 S.E. 340 (1938). Where the proceeding complained of is before the clerk, the additional remedy of appeal to the superior court judge is available. N.C. Gen. Stat. 1-272.

We hold the superior court erred in denying defendants' motion to dismiss and in entering summary judgment for plaintiffs. Plaintiffs have mistaken their remedy. With this ruling, we do not reach the other issue raised on the appeal.

The judgment of the superior court is reversed and the cause is remanded to the Superior Court of Gaston County for entry of a judgment allowing defendants' motion to dismiss plaintiffs' action.

Judges PARKER and HILL concur.