HORACE M. DuBOSE, III, TRUSTEE, AND ROBERT J. BERNHARDT, TRUSTEE, AS THEIR INTERESTS MAY APPEAR v. GASTONIA MUTUAL SAVINGS AND LOAN ASSOCIATION AND L. B. HOLLOWELL, JR., TRUSTEE

No. 8127SC298

(Filed 2 February 1982)

1. **Mortgages and Deeds of Trust § 19— foreclosure—dissolution of temporary restraining order proper**

In an action filed to enjoin the exercise of a power of sale in a deed of trust, the trial court did not err in denying plaintiffs' motion for a preliminary injunction as plaintiffs had a hearing contemplated by G.S. 45-21.34 and (1) failed to establish probable cause showing that they could ultimately prevail in a final determination, and (2) failed to establish a reasonable apprehension of irreparable loss to them unless injunctive relief was granted. Plaintiffs did not allege that the deed of trust contained no foreclosure provision or that the deed of trust was not in default nor did they present any evidence of what they contended was the balance due on the note. It was incumbent upon plaintiffs to present such testimony or other evidence as would persuade the court that they would have been irreparably harmed by the pending foreclosure.

2. **Mortgages and Deeds of Trust § 31— foreclosure sale—failure to obtain stay of execution— questions on appeal moot**

Where an order denying plaintiffs' motion for a preliminary injunction was entered and since that time the defendants have completed their foreclosure sale; the property has been conveyed; and the sale has been confirmed by the clerk and the superior court, and because plaintiffs obtained neither a stay of execution from the trial court pursuant to Rule 62 nor a temporary stay or a writ of supersedeas from the appellate court pursuant to Appellate Rules 8 and 23, the sale of the property rendered questions raised by plaintiffs on appeal moot.

APPEAL by plaintiffs from *Ferrell, Judge.* Judgment signed 14 November 1980 in Superior Court, GASTON County. Heard in the Court of Appeals 21 October 1981.

DuBose v. Gastonia Mutual Savings and Loan

Plaintiffs filed this action to enjoin the exercise of the power of sale in a 1978 deed of trust, alleging that the property described in the deed of trust had been conveyed to them in 1979. The trial court denied plaintiffs' motion for a preliminary injunction.

*Horace M. DuBose, III, for plaintiff appellants.*

*Hollowell, Stott, Hollowell, Palmer & Windham, by James C. Windham, Jr., for defendant appellees.*

BECTON, Judge.

## PROCEDURAL AND FACTUAL HISTORY

The resolution of this appeal, though simple, requires a painstaking review of transactions that have spawned several other lawsuits, some of which have reached the appellate courts.[1]

On 30 May 1978, A. C. Burgess, Jr. gave a promissory note to defendants in the amount of $56,000.00. The promissory note was secured by a deed of trust encumbering five residential lots that Burgess personally owned. Burgess ultimately defaulted on the obligation and a foreclosure proceeding was initiated by defendants by the filing on 12 October 1979 of a Notice of Hearing before the Clerk of Court of Gaston County. Significantly, at the time of the 7 November 1979 hearing in this matter, the plaintiffs had received and recorded a sheriff's deed dated 14 February 1979 to the five lots that are the subject of this lawsuit.

---

1. *Questor Corp. v. DuBose*, 46 N.C. App. 612, 265 S.E. 2d 501, *cert. denied* 300 N.C. 375, 267 S.E. 2d 678 (1980) (action to declare an execution sale and sheriff's deed void because defendants did not pay their bid in cash but merely cancelled judgments against the property owners).

*In Re Foreclosure of Burgess*, 47 N.C. App. 600, 267 S.E. 2d 915 (1980) (application of G.S. 45-21.16 to a petition to foreclose pursuant to power of sale in a deed of trust).

*Southern Athletic/Bike v. House of Sports, Inc.*, 53 N.C. App. 804, 281 S.E. 2d 698 (1981) (order, pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, vacating a default judgment against A. C. Burgess was affirmed on the basis of defective service of process).

*In Re Execution Sale of Burgess*, No. 8127SC223 (trial court's order setting aside sheriff's deed conveying five lots to judgment creditors affirmed in an opinion filed this day by the North Carolina Court of Appeals).

---

DuBose v. Gastonia Mutual Savings and Loan

---

Following the 7 November 1979 hearing, the Gaston County Clerk entered an order authorizing defendants to foreclose in accordance with their deed of trust. That order was subsequently affirmed by the Gaston County Superior Court and by this Court in *In Re Foreclosure of Burgess*, 47 N.C. App. 600, 267 S.E. 2d 915 (1980). Although the dispositive issue in *In Re Foreclosure of Burgess* involved "the scope of the procedures under G.S. 45-21.16 for hearing prior to the exercise of a power of sale under a deed of trust," *id*. at 602, 267 S.E. 2d at 917, we suggested in that case that plaintiffs might have been entitled to injunctive relief. Specifically, we said:

> Having received the notice and hearing intended by the statute, [plaintiffs] are now able to utilize the procedure of G.S. 45-21.34 to enjoin the mortgage sale "upon [any] legal or equitable ground which the court may deem sufficient." If and when [plaintiffs] choose to apply for injunctive relief, the dispute over the balance due on the note and deed of trust and the manner in which the balance was computed will certainly be relevant to the issue of [plaintiffs'] right to relief. As to the title dispute, we note that the 12 October 1979 order of superior court declaring the sheriff's deed to DuBose and Bernhardt null and void was reversed by this Court in *Questor Corp. v. DuBose*, 46 N.C. App. 612, 265 S.E. 2d 501 (1980) and the cause was remanded with direction to dismiss the action challenging the validity of that deed.[2]

*Id*. at 600, 267 S.E. 2d at 918.

On 9 September 1980, defendants filed another Notice of Foreclosure. On 2 October 1980, the plaintiffs, following this Court's suggestion in *In re Foreclosure of Burgess*, filed their complaint seeking injunctive relief pursuant to G.S. 45-21.34. Plaintiffs contended that the defendants' 9 September 1980 renewed notice of sale should be enjoined and alleged (1) that there was a dispute over the title to the property, over the

---

2. Following the remand in *Questor Corp. v. DuBose*, the Gaston County Clerk of Court vacated his order of confirmation pursuant to which the Sheriff's deed to the five lots in question was delivered to plaintiff and rescinded and set aside the conveyance of the five lots to the plaintiff. This action by the Gaston County Clerk was affirmed by the Gaston County Superior Court and has this day been affirmed by this Court. *In re Execution Sale of A. C. Burgess*, No. 8127SC223.

balance due under the note, and over the monthly payments due under the note; (2) that the interest rate on the amount owed of 9% compounded monthly was usurious; and (3) that they would suffer irreparable harm if defendants were not enjoined from exercising the power of sale.

Plaintiffs were initially granted a temporary restraining order on 2 October 1980. However, when the motion for injunctive relief was heard on 3 November 1980, Judge Ferrell entered an Order dissolving the temporary restraining order and denying plaintiffs' motion for a preliminary injunction. From this order, plaintiffs appeal to this Court. Significantly, following plaintiffs' notice of appeal, the foreclosure sale was completed on 27 February 1981, at which time a trustee's deed conveyed the subject property to Billy Cline.

### ISSUE

The issue: Did the trial court err in dissolving the temporary restraining order and in denying plaintiffs' motion for a preliminary injunction thereby allowing defendant to consummate the sale of the land under a power of sale contained in a deed of trust?

The answer: No.

Although plaintiffs argue that the "gravamen of this case is the irreparable harm to plaintiffs by permitting the exercise of a power of sale while the title and the balance due are in controversy," we are not persuaded that plaintiffs have established that they are entitled to the injunctive relief they request. We reach this conclusion after having considered the scope of our review and having balanced plaintiffs' right, based on case law and statute, to enjoin the sale of land in which they claim an interest, against defendant's contractual right to foreclose in accordance with the terms of a note and deed of trust.

### ANALYSIS

Ordinarily, the granting of injunctive relief lies in the sound discretion of the court. *Huggins v. Board of Education*, 272 N.C. 33, 157 S.E. 2d 703 (1967); *Conference v. Creech and Teasley v. Creech and Miles*, 256 N.C. 128, 123 S.E. 2d 619 (1962); *Lance v. Cogdill*, 238 N.C. 500, 78 S.E. 2d 319 (1953). And "[w]hile this

Court, upon an appeal from the granting or denial of a temporary injunction, is not bound by the findings of fact in the court below, and may review the evidence and make its own findings of fact, the burden is upon the appellant to show error by the lower court." 272 N.C. at 41, 157 S.E. 2d at 708.

Even absent a statute, our courts have "the power to restrain the exercise of the power of sale under a mortgage or a deed of trust where a sale thereunder would work an injustice to the rights of [those] interested in the property [if] there should be some equitable element involved, as fraud, mistake, or the like." *Sineath v. Katzis*, 219 N.C. 434, 440, 14 S.E. 2d 418, 421 (1941). *See also Investors, Inc. v. Berry*, 293 N.C. 688, 239 S.E. 2d 566 (1977). And, by statute, any person having a legal or equitable interest in land may, prior to the confirmation of any sale of the land by a mortgagee or trustee, enjoin such sale "upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, *or upon any other legal or equitable ground* which the Court may deem sufficient. . . ." G.S. 45-21.34 (emphasis added).

In this case, plaintiffs seek to utilize the procedures of G.S. 45-21.34 to enjoin the foreclosure sale. Plaintiffs have had the hearing contemplated by statute and have, in our view, (1) failed to establish probable cause showing that they could ultimately prevail in a final determination, and (2) failed to establish a reasonable apprehension of irreparable loss to them unless injunctive relief is granted. *See Waff Bros. v. Bank*, 289 N.C. 198, 221 S.E. 2d 273 (1976); *Service Co. v. Shelby*, 252 N.C. 816, 115 S.E. 2d 12 (1960).

Significantly, plaintiffs did not allege that the deed of trust contained no foreclosure provision or that the deed of trust was not in default. Upon allegations relating primarily to an alleged controversy affecting title to the property, plaintiffs prayed for injunctive relief only. When the sole purpose of the action is to obtain injunctive relief, the trial court properly may dissolve the temporary restraining order and dismiss the action when the movant fails to present facts entitling him to relief. *Compare Rheinhardt v. Yancey*, 241 N.C. 184, 84 S.E. 2d 655 (1954) (court properly dissolved restraining order and dismissed the action

upon demurrer when the Complaint failed to state facts sufficient to constitute a cause of action). (We note, parenthetically, that the title dispute in this case was created not by the defendant but rather by the plaintiffs who purchased the land months after defendants had recorded their deed of trust to the property.) In this factual context, we consider the extraordinary relief requested by the plaintiffs—that is, almost one year after the foreclosure process was initiated, plaintiffs requested the restraint of the contractual rights of the defendants to foreclose upon property in accordance with the terms of a note and deed of trust which encumbered the property.

Injunctive relief is not a matter of right but is granted sparingly and cautiously. "In other words, the relief should be awarded only in clear cases, reasonably free from doubt, and when necessary to prevent great and irreparable injury. The complainant has the burden of proving the facts which entitle him to relief." 42 Am. Jur. 2d, Injunctions, § 26, p. 760.

Although the plaintiffs at the hearing offered certain exhibits and a modicum of testimony, none of the evidence offered supports the relief they requested. Plaintiffs claim title to the property in question, but they did not show that their title was obtained free and clear of the earlier recorded deed of trust held by defendants. Moreover, the trial court, by separate order affirming a prior order of the Gaston County Clerk of Court, set aside the deed transferring the land in controversy to the plaintiffs and thus resolved the dispute as to title. Further, plaintiffs presented no evidence to support their allegations of usury and collusion. Although plaintiffs did, by way of stipulation, get their unsupported contention in the record that the balance on the note was not in excess of $37,794.76 as compared to a contended balance of $43,495.02 by defendants, we cannot say, upon this record, that the trial court abused its discretion in denying the injunctive relief requested.

Significantly, plaintiffs had more than a hearing on the pleadings. They presented evidence; they called a witness. And, although present at the hearing, plaintiffs rested on their "contention" in a stipulation; they did not testify or present any evidence of what they contended was the balance due on the note. The plaintiffs alleged, but presented no evidence showing, that they

could not bid at the sale and maintain their title by securing a foreclosure deed. We believe it was incumbent upon plaintiffs to present such testimony or other evidence as would persuade the court that they would have been irreparably harmed by the pending foreclosure. This they failed to do.

[2] Separate and apart from our holding that plaintiffs failed to establish probable cause showing they would ultimately prevail on the merits and further failed to establish a reasonable apprehension of irreparable loss, this case is subject to dismissal. The Order appealed from was entered on 14 November 1980. Since that time the defendants have completed their foreclosure sale; the property has been conveyed to Billy Cline, the highest bidder; and the sale has been confirmed by the Clerk *and* the Superior Court. Because plaintiffs obtained neither a stay of execution from the trial court pursuant to Rule 62 of the North Carolina Rules of Civil Procedure nor a temporary stay or a writ of supersedeas from this Court pursuant to Rules 8 and 23 of the North Carolina Rules of Appellate Procedure, the sale of the property to Billy Cline rendered the questions raised by plaintiffs moot.

For the foregoing reason, the Order of the trial court is

Affirmed.

Judge CLARK and Judge ARNOLD concur.