IN RE EXECUTION SALE OF A. C. BURGESS, JR. REAL ESTATE; PREMIER ATHLETIC PRODUCTS, TENNESSEE AMERICAN, INC., VITTER SPORTS, INC., THERMOS DIVISION OF KING SEELY THERMOS COMPANY, WINNING WAYS, INC., WILLIAM ISELIN & CO., VANCO DIVISION OF VANDERVOORT HARDWARE COMPANY, FIRST FACTORS CORP., MEDALIST INDUSTRIES, INC., AND SOUTHERN ATHLETIC/BIKE v. A. C. BURGESS, JR. AND HOUSE OF SPORTS, INC.

No. 8127SC223

(Filed 2 February 1982)

**Mortgages and Deeds of Trust § 31— resale of foreclosed property confirmed by clerk and judge of superior court—appeal from order moot**

Where property involved in a case had been sold pursuant to a foreclosure of a deed of trust, any legal questions presented by the appeal from the order of the judge of superior court affirming the order of the clerk declaring the execution sale null and void and setting aside the sheriff's deed of the property became moot, and the appeal was subject to dismissal.

APPEAL by Respondents Horace M. DuBose, III and Robert J. Bernhardt, Trustees, from *Ferrell, Judge.* Judgment entered 7 November 1980 in Superior Court, GASTON County. Heard in the Court of Appeals 13 October 1981.

*Horace M. DuBose, III, for respondent appellants.*

*Michael David Bland, for petitioner appellee W. R. Mathis.*

HEDRICK, Judge.

The record before us discloses that the identical property which is the subject of this proceeding was conveyed in a deed of trust by A. C. Burgess, Jr., to L. B. Hollowell, Jr., trustee for Gastonia Mutual Savings and Loan Association on 30 May 1978; that a foreclosure proceeding was instituted by Hollowell and Gastonia Mutual on 12 October 1979 in Gaston County and that the property in question was sold under foreclosure on 6 February 1981 and that the property in question was conveyed to Billie Cline by the trustee's deed on 27 February 1981; and that this re-sale was confirmed by the clerk of Superior Court on 27 February 1981. The confirmation of re-sale was ratified by an order of the judge of Superior Court on 14 April 1981.

The records of this Court further disclose that Horace M. DuBose and Robert Bernhardt, who are trustees for various creditors of A. C. Burgess, Jr., instituted a proceeding in the Superior Court of Gaston County to enjoin the foreclosure hereinbefore described, and that said injunction was denied by order of the judge of Superior Court dated 3 November 1980. Our records further disclose that Horace DuBose and Robert Bernhardt appealed to this Court from Judge Ferrell's order denying injunctive relief and that this Court affirmed the order denying the injunctive relief in an opinion filed 2 February 1982.

Because the identical property involved in the present case has been sold pursuant to the foreclosure of a deed of trust executed on 30 May 1978, any legal questions presented by the appeal in this case from the order of the judge of Superior Court affirming the order of the clerk declaring the execution sale null and void and setting aside the sheriff's deed of the property have become moot, and the appeal is subject to dismissal. What was said in *Davis v. Zoning Board of Adjustment of Union County*, 41 N.C. App. 579, 582, 255 S.E. 2d 444, 446 (1979) we believe to be appropriate:

> When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court. [Citations omitted.]

Nevertheless, we have examined the record in light of the many matters discussed in the briefs, and conclude that Judge Ferrell, in affirming the order of the clerk, correctly held that the critical findings made by the clerk were supported by the record and that she correctly and properly declared the execution sale null and void and properly set aside the sheriff's deed.

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.