IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OR MORTGAGE OF A. C. BURGESS, JR., SINGLE GRANTOR, TO L. B. HOLLOWELL, JR., TRUSTEE FOR GASTONIA MUTUAL SAVINGS AND LOAN ASSOCIATION, AS RECORDED IN DT 1467, P. 287, AND BILLIE D. CLINE, INTERVENOR

No. 8127SC888

(Filed 18 May 1982)

1. **Mortgages and Deeds of Trust § 31— confirmation of foreclosure resale —pending appeals in related cases —mootness**

   The clerk of court did not err in confirming a foreclosure resale of property because of pending appeals in the Court of Appeals of related cases which raised issues as to the title of the borrower's property and the terms of and balance owing on the borrower's note to the mortgage lender. Furthermore, the issue as to whether the superior court should have stayed ratification of the order of confirmation because of the pending appeals became moot when each of the cases was decided by the Court of Appeals against respondents' interests. G.S. 45-21.29(h).

2. **Mortgages and Deeds of Trust § 31— confirmation of foreclosure resale—effect of appeal time for prior order**

    The clerk of court did not violate her duty under G.S. 45-21.29(j) in confirming a foreclosure resale because the time for appealing an order by the trial court denying a motion to restrain confirmation of the resale had not passed when no notice of appeal had been given at the time of the confirmation.

3. **Appeal and Error § 42— matters omitted from record—presumption of correctness**

    The trial court's order that a prior action was *res judicata* as to issues raised by one respondent's motion to restrain confirmation of a foreclosure resale will be presumed correct where neither the prior action nor the motion is in the record on appeal.

APPEAL by respondents Horace M. DuBose, III and Robert J. Bernhardt, trustees, from *Cornelius, Judge.* Order signed 16 April 1981 in Superior Court, GASTON County. Heard in the Court of Appeals 6 April 1982.

This foreclosure action has been before us on at least five previous occasions. Although a procedural and factual history of this action was given in *DuBose v. Savings and Loan Assoc.*, 55 N.C. App. 574, 286 S.E. 2d 617 (1982), *cert. denied,* 305 N.C. 584, 292 S.E. 2d 5 (1982), this history bears repeating.

On 12 October 1979 the foreclosure action was instituted by L. B. Hollowell, Jr., trustee for Gastonia Mutual Savings and Loan Association (hereinafter the Association). Prior to this, on 30 May 1978, A. C. Burgess, Jr., had given a promissory note to the Association in the amount of $56,000.00. The note was secured by a deed of trust encumbering five residential lots owned by Burgess. After Burgess' default on the note, respondents, trustees for various creditors of Burgess, were given notice of the foreclosure hearing pursuant to the procedure for a foreclosure sale formulated in G.S. 45-21.16 *et seq.* On 8 November 1979 the Clerk of Superior Court of Gaston County entered an order authorizing foreclosure. The Gaston County Superior Court affirmed this order on 27 November 1979 and respondents appealed to this Court. We affirmed the order authorizing a foreclosure sale on the Association's behalf. *In re Foreclosure of Burgess,* 47 N.C. App. 599, 267 S.E. 2d 915, *appeal dismissed,* 301 N.C. 90, 273 S.E. 2d 311 (1980). A second notice of foreclosure was then filed on 9

September 1980. On 2 October 1980 the trial court entered an order, pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, vacating a default judgment against Burgess. The default judgment had been entered on behalf of Southern Athletic/Bike for a debt owing to this corporation and guaranteed by Burgess. Southern Athletic/Bike thereafter appealed to this Court. Also on 2 October 1980, respondents sought injunctive relief from the foreclosure sale pursuant to G.S. 45-21.34 and were granted a temporary restraining order.[1] On 14 November 1980 the trial court dissolved this temporary order and denied respondents' motion for a preliminary injunction. Earlier, on 7 November 1980, the trial court entered an order setting aside a sheriff's deed wherein Burgess' property had been conveyed to respondents on 14 February 1979.[2] Respondents gave notice of appeal from both of these November orders.

A foreclosure sale of the Burgess property was conducted on 15 December 1980. After various upset bids were advanced and the necessary resales were held, Billie D. Cline became the owner of the property at the final resale held 6 February 1981. The Clerk confirmed this resale in her order dated 27 February 1981. On 5 March 1981 respondents appealed to the superior court from the order of confirmation.

On 2 April 1981 Cline moved to intervene in the foreclosure dispute between respondents and the Association and "for confirmation of the resale of the property; or, in the alternative, for a refund of the purchase price paid and for improvements made to the property." In their response to this motion, DuBose and Bernhardt moved to continue the hearing on Cline's motion for the reason that there were cases presently pending before this Court which allegedly related to the right of the trial court to confirm

---

1. G.S. 45-21.34 provides: "Any owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the confirmation of any sale of such real estate by a mortgagee, trustee, commissioner or other person authorized to sell the same, to enjoin such sale or the confirmation thereof, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient. . . ."

2. Respondents, representing Southern Athletic/Bike and other creditors who had obtained judgments against Burgess, had elected to execute on Burgess' property and had purchased said property at the execution sale.

the foreclosure sale on Cline's behalf. The respondents further alleged that these pending appeals constituted an objection to the confirmation or ratification of the resale.

After the hearing on the parties' motion, Judge Cornelius made findings of fact and ordered the following: that respondents' motion for a continuance be denied; that Cline's motion to intervene be allowed; that the order of confirmation of the resale be ratified and that respondents' appeal from said order of confirmation be dismissed. Respondents have appealed from this 16 April 1981 order.

*Hollowell, Stott, Palmer & Windham, by James C. Windham, Jr., for petitioner appellees Gastonia Mutual Savings and Loan Association and L. B. Hollowell, Jr., trustee.*

*Whitesides, Robinson and Blue, by Arthur C. Blue, III, for intervenor appellee Billie D. Cline.*

*Horace M. DuBose, III, for respondent appellants Horace M. DuBose, III, trustee and Robert J. Bernhardt, trustee.*

MARTIN (Robert M.), Judge.

[1] Respondents have brought forward four assignments of error on appeal. We find it necessary to consider only assignment of error no. 3. Therein the respondents argue that the trial court committed prejudicial error by making findings of fact and conclusions of law that there was no objection to the confirmation of the foreclosure sale. They argue that at the time the 16 April 1981 order was entered, three related cases, wherein respondents raised issues as to the title to the Burgess property and the terms of and balance owing on the promissory note to the Association, were pending in this Court. They further argue that the Clerk was aware of these pending appeals and should have stayed confirmation of the 6 February 1981 foreclosure sale. Since these appeals were still pending at the time Cline moved for ratification of the resale, Judge Cornelius should have continued the hearing on this motion.

We disagree with respondents' argument, and affirm the order of Judge Cornelius ratifying the Clerk's confirmation of the resale and dismissing respondents' appeal from said confirmation.

G.S. 45-21.29(h) requires that a resale cannot be consummated until it is confirmed by the clerk of superior court. Confirmation cannot take place until the time for submitting any upset bid has expired.[3] It is uncontested that no upset bid was submitted prior to the clerk's confirmation. It therefore appears that the clerk was obligated by statute to confirm the resale.

This Court, however, is not compelled to consider respondents' arguments on their merit. Their argument, that the court should have stayed ratification pending the outcome of the respondents' three cases on appeal to this Court, has become a moot issue. Each one of these cases has been heard by this Court and decided against respondents' interests. We affirmed the 2 October 1980 order, wherein the trial court vacated a default judgment against Burgess and in favor of Southern Athletic/Bike. *Southern Athletic/Bike v. House of Sports, Inc.,* 53 N.C. App. 804, 281 S.E. 2d 698 (1981), *appeal dismissed and disc. review denied,* 304 N.C. 729, 288 S.E. 2d 381 (1982). Respondent DuBose had represented the corporate plaintiff on appeal. We also affirmed the trial court's 7 November 1980 order setting aside a sheriff's deed, wherein Burgess' property had been conveyed to respondents. *In re Execution Sale of Burgess,* 55 N.C. App. 581, 286 S.E. 2d 362 (1982), *cert. denied,* 305 N.C. 585, 292 S.E. 2d 5 (1982). In *DuBose v. Savings and Loan Assoc.,* 55 N.C. App. 574, --- S.E. 2d --- (No. 8127SC298, filed 2 February 1982), *cert. denied,* --- N.C. ---, --- S.E. 2d --- (No. 71P82, filed 4 May 1982), we specifically held that the trial court did not err in dissolving the temporary restraining order and in denying respondents' motion for a preliminary injunction thereby allowing the Association to consummate the sale of the land at issue. In addition we concluded:

> Because plaintiffs (DuBose and Bernhardt) obtained neither a stay of execution from the trial court pursuant to Rule 62 of the North Carolina Rules of Civil Procedure nor a temporary stay or a writ of supersedeas from this Court pursuant to Rules 8 and 23 of the North Carolina Rules of Appellate Procedure, the sale of the property to Billie Cline rendered the questions raised by plaintiffs moot.

---

3. Any upset bid must be submitted within ten days after the filing of the report of the sale. G.S. 45-21.27.

*Id.* at 580, 286 S.E. 2d at 621. This conclusion applies equally to the situation before us now. The following quotation cited in *In re Execution Sale of Burgess, supra,* further supports our conclusion that respondents' argument is moot.

> When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court. [Citations omitted.]

*Davis v. Zoning Board of Adjustment of Union County,* 41 N.C. App. 579, 582, 255 S.E. 2d 444, 446 (1979). In the case *sub judice,* respondents' appeal from the trial court's denial of their motion to continue pending disposition of appeals filed in this Court, is clearly moot because disposition has taken place.

[2]　We also find no merit to respondents' argument that the Clerk violated her duty under G.S. 45-21.29(j) when she confirmed the resale; and that the trial court thereby improperly ratified the order of confirmation. This argument is apparently based upon a motion, filed by respondent DuBose, to restrain confirmation of the resale. This motion was filed along with an action, neither of which appears in the record on appeal. The record merely contains a 26 February 1981 order wherein the trial court dismissed DuBose's action and denied his motion. The court noted:

> that the prior pending action entitled "Horace M. DuBose, III, Trustee, and Robert J. Bernhardt, Trustee, as their interests may appear vs. Gastonia Mutual Savings & Loan Association and L. B. Hollowell, Jr., Trustee" and presently an appeal before the North Carolina Court of Appeals is *res judicata* as to the matters and things alleged in the subject action . . ..

The day after this order was filed the Clerk entered her order of confirmation. Respondents contend that the Clerk should have stayed confirmation of the resale pending the running of the time to appeal from the 26 February 1981 order. Such conduct by the Clerk allegedly would have been consistent with G.S. 45-21.29(j) which provides:

The clerk of the superior court shall make all such orders as may be just and necessary to safeguard the interests of all parties, and shall have authority to fix and determine all necessary procedural details with respect to resales in all instances in which this Article fails to make definite provision as to such procedure.

We disagree with respondents' argument. At the time the Clerk ordered confirmation of the resale, no upset bid had been filed nor had any notice of appeal been given from the 26 February 1981 order. It is obvious that respondents were aware of the resale's impending confirmation and, in good judgment, should have given notice of appeal immediately after the order was entered. We believe the Clerk acted consistently with G.S. 45-21.29(j) when she confirmed the resale, thus safeguarding Cline's interests.

[3] Irrespective of respondents' contentions, we are bound by the conclusions of the trial court in the 26 February 1981 order that the pending appeal in *DuBose v. Savings and Loan Assoc.,* *supra,* is *res judicata* to the action initiated by respondent DuBose and that the motion for a restraining order be denied. Specifically we must presume that said order is correct, because neither DuBose's action nor his motion is in the record before us. *Moseley v. Trust Co.,* 19 N.C. App. 137, 198 S.E. 2d 36, *cert. denied,* 284 N.C. 121, 199 S.E. 2d 659 (1973); *Crotts v. Pawn Shop,* 16 N.C. App. 392, 192 S.E. 2d 55, *cert. denied,* 282 N.C. 425, 192 S.E. 2d 835 (1972).

For the foregoing reasons, the order of the trial court is

Affirmed.

Judges VAUGHN and ARNOLD concur.