GARY WAYNE CARLAND, Plaintiff-Appellant v. KAREN LYNN BRANCH (ANDERS), Defendant-Appellee

No. COA03-289

(Filed 18 May 2004)

**Child Support, Custody, and Visitation— custody—modification**

The trial court erred by hearing defendant's motion to modify the parties' child custody agreement and subsequently by modifying the custody arrangement, because: (1) there was no written order entered when defendant filed her motion to modify, and thus, there was nothing to modify; and (2) even if it was proper

for the trial court to hear the motion, it was not possible for there to have been a change in circumstances between the time the order was entered on 13 May 2002 and the time the motion to modify was heard on 13 May 2002.

Appeal by plaintiff from judgment dated 23 May 2002 by Judge Peter L. Roda in District Court, Buncombe County. Heard in the Court of Appeals 3 December 2003.

*William E. Loose for plaintiff-appellant.*

*Charlotte A. Wade for defendant-appellee.*

McGEE, Judge.

Gary Wayne Carland (plaintiff) filed suit against Karen Lynn Branch Anders (defendant) on 2 December 1999 seeking joint custody, visitation, and the establishment of child support and paternity with respect to the minor child (the child) born to defendant on 8 June 1999. Defendant filed an answer and counterclaim dated 12 January 2000 requesting temporary and permanent sole custody of the child and requesting that plaintiff pay child support. Plaintiff filed a reply to defendant's answer and counterclaim on 12 January 2000. A temporary non-prejudicial consent order was filed on 28 March 2000 whereby the parties agreed that defendant would maintain primary care of the child and plaintiff would be entitled to visitation as provided in this temporary order. A consent order was filed on 21 July 2000 which established that plaintiff was the father of the child and provided that defendant have the primary care of the child subject to secondary care by plaintiff.

Plaintiff filed a motion on 9 March 2001 requesting that defendant be ordered to show cause as to why she should not be held in contempt of court. Defendant filed a motion on 16 March 2001 to modify the custody arrangement. In a consent order filed 19 April 2001, the trial court continued these matters until the completion of a custody evaluation. After the custody evaluation was completed, the matter was heard by the trial court on 19 November 2001 and on 3 December 2001, and the trial court announced in open court its decision to award joint custody to the parties. The order regarding this joint custody arrangement was dated 13 May 2002.

On 3 May 2002, prior to entry of the 13 May 2002 order granting joint custody, defendant filed a motion in the cause alleging a change in circumstances warranting a modification of the custody arrange-

ment which had been announced in open court on 19 November 2001. In a judgment dated 23 May 2002, the trial court allowed defendant's 3 May 2002 motion to modify custody. The judgment recited the details of the joint custody arrangement which had been previously announced in open court. The judgment included multiple facts in support of the conclusion that a substantial change in circumstances affecting the welfare of the child had occurred. Consequently, the trial court awarded sole custody to defendant with visitation to plaintiff. Plaintiff filed a motion on 3 June 2002 for a new trial pursuant to Rule 59 and to amend, pursuant to Rule 52, certain findings of fact in the 23 May 2002 judgment. The trial court denied plaintiff's motion in an order filed 4 September 2002. Plaintiff appeals.

Plaintiff first argues in assignment of error number two that the trial court erred in finding a substantial change in circumstances warranting a custody modification because the order the trial court modified was entered the same day the trial court heard the motion requesting modification. Modification of custody orders is provided for in N.C. Gen. Stat. § 50-13.7(a) (2003), which states "[s]ubject to the provisions of [the UCCJEA], an *order* of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed .circumstances by either party or anyone interested." (emphasis added). An order is defined as "[a] *written* direction or command delivered by a court or judge." *Black's Law Dictionary* 1123 (7th ed. 1999) (emphasis added).

In this case, there was no written order by the trial court until 13 May 2002, ten days after the motion to modify had been filed. Although the trial court had announced its decision to award joint custody to the parties in open court on 19 November 2001, "an order rendered in open court is not enforceable until it is 'entered,' *i.e.,* until it is reduced to writing, signed by the judge, and filed with the clerk of court." *West v. Marko*, 130 N.C. App. 751, 756, 504 S.E.2d 571, 574 (1998); N.C. Gen. Stat. § 1A-1, Rule 58 (2003). *See also Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737-38, *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997). Since there was no order "entered" when defendant filed her motion to modify, there was nothing to modify. Further, even if it was proper for the trial court to hear the motion, it is not possible for there to have been a change in circumstances between the time the order was entered on 13 May 2002 and the time the motion to modify was heard on 13 May 2002.

Defendant's response to plaintiff's first argument is based on an assumption that the trial court was permitted to consider what had occurred between the time the custody arrangement was announced in open court on 19 November 2001 and the date of the modification hearing in May 2002. As previously noted, there was no enforceable order between the parties until the order was entered on 13 May 2002. Accordingly, in deciding whether a change of circumstances had occurred, the trial court should not have considered the events that transpired prior to entry of the order.

Further, defendant responds that plaintiff had unclean hands because plaintiff had been directed to draft the custody order when it was announced in November 2001. However, plaintiff failed to comply with this instruction and defendant ultimately drafted the 13 May 2002 order. Although we recognize the frustration of both defendant and the trial court in plaintiff's failure to draft and present the order, there was no order on record at the time the motion to modify was filed. Accordingly, we are bound to find that the trial court should not have heard defendant's motion and subsequently should not have modified the custody arrangement. Therefore, we vacate and remand in accordance with this opinion.

In light of our decision on this issue, we need not review the remaining assignments of error.

Vacated and remanded.

Judges HUNTER and GEER concur.