IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1039

Filed 20 May 2026

Johnston County, No. 24SP000287-500

IN RE: THE ESTATES OF:

DORIS R. ATKINSON,

        Deceased,

and

ROBERT WESLEY ATKINSON, SR.,

        Deceased.

Appeal by respondent from order entered 16 June 2025 by Judge S. Thomas Currin, II, in Johnston County Superior Court. Heard in the Court of Appeals 25 March 2026.

> *George Ligon, Jr., for respondent-appellant Robert W. Atkinson, Jr.*
>
> *Carolina Estate Planning, by C. Scott Meyers and Brooks Godbold, for respondent-appellee The Estate of Doris R. Atkinson.*
>
> *No brief filed for respondent-appellee Terrence N. Atkinson.*
>
> *No brief filed for respondent-appellee The Estate of Robert Wesley Atkinson, Sr.*

ZACHARY, Judge.

Respondent Robert W. Atkinson, Jr., appeals from a superior court order dismissing his appeal from the Johnston County Clerk of Court, which had ordered the sale of certain real property to make assets to pay debts of the estates of his

deceased parents, Doris R. and Robert Wesley Atkinson, Sr. ("Decedents"). Because Respondent failed to timely appeal from the clerk's order, the superior court lacked jurisdiction to consider his appeal. Thus, we affirm the superior court's order dismissing Respondent's appeal.

## I.    **Background**

On 23 May 2024, the public administrator of the estates of Decedents, Joseph Britton ("the administrator"), filed a petition for the sale of real property to make assets "to pay the debts and claims of [the] estate[s]." The estates had combined assets of less than $5,000, which was insufficient to satisfy the estates' debts. The administrator sought to combine for sale three separate parcels of Decedents' real property, totaling approximately 45 acres.

Decedents' sons and heirs by intestacy, Respondent and Terrence N. Atkinson, refused service of the petition. Terrence N. Atkinson was eventually served on 1 October 2024; however, despite multiple attempts, service of the petition could not be effectuated on Respondent. Consequently, the clerk permitted service on Respondent by publication, which the administrator accomplished by publication of notice in *The Johnstonian News*.

Respondent filed a response to the petition on 31 December 2024, in which he denied that it was in the estates' best interest to sell the property and asserted that the administrator "intend[ed] to sell the . . . property to pay the debts of Terrence [N.]

Atkinson." He further contended that a separate 0.1377 acre parcel, rather than the 45 acres, should be sold to make assets.

On 6 February 2025, the petition came on for hearing before the clerk of court. The administrator testified that the three parcels needed to be combined for sale: one parcel was landlocked and if sold separately would bring "pennies on the dollar because of the way it's situated on that property." Respondent testified that he "still oppose[d] selling all of the property" and wanted to keep some of the land, as it had "been in [his] family for over a hundred years." Terrence N. Atkinson testified that he understood that "the land ha[d] been in the family a long time" but that he "also underst[oo]d the debt" and "prefer[red] everything to be sold jointly." In an order entered on 11 February 2025, the clerk authorized the administrator "to commence the procedures to sell the [property] at private sale."

Respondent filed notice of appeal from the clerk's sale order on 22 February 2025.[1]

Respondent's appeal came on for hearing before the superior court on 9 June 2025. In an order entered 16 June 2025, the superior court dismissed Respondent's appeal as untimely and moot. Regarding the timeliness of the appeal, the court

---

[1] On 16 April 2025, the administrator filed a notice of sale, setting 28 April 2025 as the last date for upset bids. The clerk confirmed the sale on 29 April 2025. The administrator then filed a motion to allocate the proceeds, and in an order entered on 22 May 2025, the clerk authorized $230,878.00 to be released from escrow to the estate of Doris R. Atkinson and $76,959.34 to be released from escrow to the estate of Robert Wesley Atkinson, Sr.

concluded that Respondent failed to comply with N.C. Gen. Stat. § 1-301.2(e) (2025), which provides that "[a] party aggrieved by an order or judgment of a clerk that finally disposed of a special proceeding, may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a hearing de novo." The superior court reasoned that Respondent's appeal was untimely, as it was filed 11 days after the entry of the clerk's order. Therefore, the superior court was deprived of jurisdiction to review this matter.[2]

Respondent filed timely notice of appeal from the superior court's order.

## II.    Discussion

Respondent raises three issues on appeal: whether 1) "the superior court erred by dismissing [Respondent's] appeal on the grounds of timeliness and mootness"; 2) "the superior court failed to correct that the clerk lacked jurisdiction to order the sale of real property belonging to the estate of Doris R. Atkinson such that the sale order and subsequent sale of property are void"; and 3) "the superior court erred by failing to address the error the clerk committed by permitting the administrator to consolidate the estate matters into a single special proceeding and to substantively

---

[2] The court further concluded that because the property had already been sold and "there was no notice of *lis pendens* in this matter," the "portions of the [a]ppeal that [sought] to review the [s]ale [o]rder as it relates to the propriety of the sale of the real estate should be dismissed as moot." The court determined that the remaining portions of the appeal were "mooted by the failure to appeal the [a]llocation [o]rder."

combine the estates." We limit our review to Respondent's first issue, which is dispositive.

## A. Standard of Review

"On appeal to the superior court of an order of the clerk in matters of probate, the trial court judge sits as an appellate court." *In re Est. of Harper*, 269 N.C. App. 213, 215, 837 S.E.2d 602, 604 (2020) (cleaned up). "Errors of law by the superior court . . . are reviewed de novo." *In re Est. of Gerringer*, 285 N.C. App. 296, 302, 878 S.E.2d 301, 304 (2022).

## B. Timeliness of Appeal to Superior Court

Respondent argues that the superior court erred in dismissing his appeal as untimely. We disagree.

When an estate's personal representative concludes that "it is in the best interest of the administration of the estate to sell real estate to obtain money for the payment of debts and other claims against the decedent's estate, the personal representative shall institute a special proceeding before the clerk of superior court." *Harper*, 269 N.C. App. at 218, 837 S.E.2d at 605 (cleaned up). "A party aggrieved by an order or judgment of a clerk that finally disposed of a special proceeding, may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a hearing de novo." N.C. Gen. Stat. § 1-301.2(e). An order is "entered" when "it is reduced to writing, signed by the judge, and filed with the clerk of court." *Carland v. Branch*, 164 N.C. App. 403, 405, 595 S.E.2d 742, 744 (2004) (citation omitted).

In the present case, there is no dispute that the hearing in question was a special proceeding and therefore governed by N.C. Gen. Stat. § 1-301.2. The order allowing the sale of property was entered on 11 February 2025, and Respondent's notice of appeal was filed on 22 February 2025, 11 days after entry of the order from which Respondent appealed. Because Respondent's appeal was not timely filed in accordance with the requirements of N.C. Gen. Stat. § 1-301.2(e), the superior court lacked jurisdiction to hear his appeal and properly dismissed the action. *See Spalding Div. of Questor Corp. v. DuBose*, 46 N.C. App. 612, 613, 265 S.E.2d 501, 503 (noting that N.C. Gen. Stat. § 1-272 (1980), a predecessor of N.C. Gen. Stat. § 1-301.2, required an appeal to be "taken within ten days after the clerk's judgment to entitle the judge of the superior court to review the ruling"), *disc. review denied*, 300 N.C. 375, 267 S.E.2d 678 (1980).

In an attempt to find an exception to the language of N.C. Gen. Stat. § 1-301.2(e), Respondent quotes N.C. Gen. Stat. § 1-301.2(f), which states that "[n]otwithstanding the service requirement of [N.C. Gen. Stat. §] 1A-1, Rule 58, orders of the clerk shall be served on other parties only if otherwise required by law." Respondent argues that because the clerk instructed the administrator to serve the sale order on Respondent, "service of the [s]ale [o]rder was required *by law*." Respondent then reasons that because the administrator served the order by mail, Respondent was entitled to three additional days within which to file his appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 6(e), which provides: "Whenever a party has

the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." By this logic, Respondent's appeal would have been timely filed.

Yet even were we to agree that the clerk's instruction amounted to requiring service "by law," it is nevertheless clear that N.C. Gen. Stat. § 1-301.2(e) does not provide that the period within which to file an appeal runs upon *service* of the order; instead, the time runs upon *entry* of the order. Thus, this argument is overruled.

Additionally, Respondent makes a passing citation to N.C. Gen. Stat. § 1-301.3(c), which provides that "[a] party aggrieved by an order or judgment of the clerk may appeal to the superior court by filing a written notice of the appeal with the clerk within 10 days of service of the order on that party." However, this section applies to appeals in matters other than special proceedings, which are governed by N.C. Gen. Stat. § 1-301.2. N.C. Gen. Stat. § 1-301.3(c) thus does not apply on the facts before us.

## C. Respondent's Remaining Issues

Respondent's remaining issues concern the superior court's conclusion that his appeal was moot, as well as alleged errors in the clerk's order. In that Respondent's failure to give timely notice of appeal deprived the superior court of jurisdiction, *see DuBose*, 46 N.C. App. at 613, 265 S.E.2d at 503, we need not reach the remaining issues, as they have no bearing on our holding.

### III.   Conclusion

Under the statutory scheme governing special proceedings before the clerk of court, a party has ten days from the entry of an order to appeal that order. Because Respondent failed to file notice of appeal within ten days of the entry of the sale order, the superior court lacked jurisdiction to hear his appeal. Accordingly, we affirm the superior court's order dismissing Respondent's appeal.

AFFIRMED.

Judges FLOOD and STADING concur.