THE CITY OF WILMINGTON v. CAMERA'S EYE, INC.

No. 795SC178

(Filed 6 November 1979)

**Appeal and Error § 9— enforcement of zoning ordinance—appellant's vacation of premises—appeal moot**

An appeal from an order enjoining appellant from using property in violation of a city zoning ordinance was rendered moot when appellant lost its lease

and vacated the premises in question, and questions concerning costs of the action and appellant's potential liability on a supersedeas bond will not prevent dismissal of the appeal.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 2 October 1978 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals on 18 October 1979.

In this civil action instituted 13 February 1978, the plaintiff City of Wilmington charged that the defendant business, in its use of certain premises within a geographical area designated the "Historic District Zone", was in violation of a city zoning ordinance. Defendant's use of the location for the retail sale of books and other materials was not a use permitted by the ordinance, plaintiff alleged, and no "special use permit" had been issued to defendant. In its answer, the defendant asserted, among several defenses to the action, that "his present use . . . is only a continuation of a prior non-conforming use, or a change of a prior non-conforming use to a use of the same or higher classification as is expressly permitted by . . . the zoning ordinance . . . ." At the ensuing trial without a jury, the evidence disclosed the following:

By an amendment to the City's zoning ordinance on 22 November 1972, the present "Historic District Zone" was created and uses therein restricted to single and multi-family dwellings and accessory buildings; Historic Foundation offices; public facilities of governmental agencies; "[u]ses established prior to 1900 and in continuous operation on the same site to the present day"; and home occupation. A number of uses which ordinarily would not be appropriate in the district are permitted by the issuance of special use permits. In addition, non-conforming uses, that is, "an existing use which is not in compliance with the regulations", were not affected by, and, thus, are allowed under the ordinance so long as such uses were lawful initially.

Prior to the creation of the Historic District, the area in which the defendant's business was eventually located was zoned "C-1, which is a Commercial District." At the time the amendment rezoning the area was passed, the premises in question were occupied by Robert W. Eason, who, from September 1971 until October 1972, had operated therein a "retail office machines and office supply business . . . ." In October he discontinued his business operation, but continued "to use a part of [the building]

to store printing supplies and surplus printing equipment . . . until October of 1977 . . . ." From January through June of 1974, the premises were leased by Wilton K. Allen, who conducted a consignment business known as the Rummage Hut. The defendant Camera's Eye began moving into the building in April 1974 and, thereafter, operated a retail establishment for the sale of adult books and other materials. Testimony by an employee of defendant confirmed that it had neither applied for nor been granted a special use permit.

From a judgment wherein the court found facts and concluded therefrom that defendant's use of the premises was not a nonconforming use and, hence, should be permanently enjoined as being in violation of the City zoning ordinance, defendant appealed.

*Assistant City Attorney John C. Wessell III, for plaintiff appellee.*

*Jones & Wooten, by Everette L. Wooten, Jr., for defendant appellant.*

HEDRICK, Judge.

On 9 October 1979 the plaintiff filed in this Court a motion to dismiss this appeal on the grounds that the issue presented by the appeal has been rendered moot. In support of its motion, plaintiff's attorney averred that he had been advised by the defendant's attorney that the defendant "has vacated the premises . . . as a result of loss of the lease of the property . . . ." Defendant filed a response to the motion wherein it admitted that it had lost its lease and had moved from the premises. However, defendant denies that the matter is therefore rendered moot because of the questions of costs of the action and its potential liability on a supersedeas bond.

In determining the question of mootness, the applicable rule has been well stated as follows:

When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.

*State ex rel. Utilities Commission v. Southern Bell Telephone & Telegraph Co.,* 289 N.C. 286, 288, 221 S.E. 2d 322, 324 (1976) [quoting from *Parent-Teacher Association v. Board of Education,* 275 N.C. 675, 679, 170 S.E. 2d 473, 476 (1969)]. *See also Davis v. Zoning Board of Adjudgment of Union County,* 41 N.C. App. 579, 255 S.E. 2d 444 (1979); 1 Strong's N.C. Index 3d, *Appeal and Error* § 9 (1976).

In our opinion the sole question raised by this appeal was indeed rendered moot when the defendant lost its lease and moved from the premises. The issue of defendant's liability on the supersedeas bond is not raised in the appeal, and will not prevent dismissal of this matter because of its mootness. As for the question of costs, the rule is quite clear: "Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court . . . ." Rule 35, N. C. Rules of Appellate Procedure. In this case, costs will be taxed against appellant.

For the reasons stated, the appeal is

Dismissed.

Judges CLARK and MARTIN (Harry C.) concur.