Southwood Assn., Ltd. v. Wallace

SOUTHWOOD ASSOCIATION, LTD. v. REGINALD S. WALLACE

No. 8726DC313

(Filed 15 March 1988)

**Appeal and Error § 9— injunction to prohibit renting of condo—condo sold—issues moot**

Where plaintiff sought an injunction to prohibit defendant from renting his condominium, issues raised in the action were rendered moot when defendant sold his condominium.

APPEAL by defendant from *Brown (L. Stanley), Judge.* Judgment entered 5 November 1986 in District Court, MECKLENBURG County. Heard in the Court of Appeals 20 October 1987.

*Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb & McDonnell, by James D. Monteith and Richard L. Huffman, for plaintiff-appellee.*

*William G. Robinson for defendant-appellant.*

GREENE, Judge.

This is a civil action in which plaintiff seeks an injunction to prohibit defendant from renting his condominium. On 12 November 1986, the trial judge issued a permanent injunction granting plaintiff's motion. Defendant appeals the granting of the injunction.

The record shows the defendant purchased a condominium in Southwood Condominiums on 12 February 1981. He resided there until the Fall of 1983 at which time he began leasing the condominium to tenants. On 14 June 1983, the bylaws of the plaintiff association were amended to prohibit owners from renting the condominiums. The defendant rented his condominium both before and after the bylaws became effective.

Following the granting of the injunction, defendant sold his condominium on 19 December 1986. On 21 April 1987, plaintiff filed a motion pursuant to Rule 37 of the North Carolina Rules of Appellate Procedure contending the appeal should be dismissed as moot since defendant had sold his condominium. Defendant filed a reply with supporting documents admitting he had sold his condominium but showing that he retained an option to purchase

for thirty days beginning 1 October 1987. As well, defendant retained a promissory note due on or about 31 October 1987 which was secured by a deed of trust on the condominium.

We do not address the issues raised by the defendant-appellant, as we agree with the plaintiff-appellee that the case is moot. On the issue of mootness, our Supreme Court has stated:

> That a court will not decide a "moot" case is recognized in virtually every American jurisdiction . . . . In state courts the exclusion of moot questions from determination is not based on a lack of jurisdiction but rather represents a form of judicial restraint.
>
> . . . .
>
> Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.
>
> . . . .
>
> Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before the court or administrative body become moot at anytime during the course of the proceedings, the usual response should be to dismiss the action.

In re Peoples, 296 N.C. 109, 147-48, 250 S.E. 2d 890, 912 (1978) (citations omitted), cert. denied, 442 U.S. 929, 61 L.Ed. 2d 297 (1979).

The issues raised by this case were rendered moot when the defendant sold his condominium. See City of Wilmington v. Camera's Eye, Inc., 43 N.C. App. 558, 561, 259 S.E. 2d 589, 591 (1979) (court order that defendant's business violated zoning laws rendered moot when, pending appeal, defendant moved business from the premises). The plaintiff only sought an injunction restraining defendant from "renting the condominium unit owned by him in the Southwood Condominiums." The defendant no longer owns the condominium and therefore the questions originally

in controversy between the parties are no longer at issue. The possibility that defendant would again own the property in the future either by exercising his option to repurchase or by the purchaser's default is not a sufficient real or immediate interest evidencing an existing controversy. *See State ex rel. Utilities Commission v. Southern Bell Tel. & Tel. Co.*, 289 N.C. 286, 288, 221 S.E. 2d 322, 324 (1976) (court does not sit to determine abstract questions of law or to determine which party should rightly have prevailed in the lower court); *cf. Hoing v. Doe*, --- U.S. ---, 98 L.Ed. 2d 686, 703 (1988) (Supreme Court noted that a case is not moot where there is reasonable likelihood that respondents would again suffer deprivation of certain rights).

Therefore, the appeal is dismissed and the judgment of the trial court is vacated. *See Utilities Commission*, 289 N.C. at 290, 221 S.E. 2d at 324-25 (noting that while usual disposition is to simply dismiss appeal that becomes moot, better practice here was to vacate Court of Appeals decision); *Peoples*, 296 N.C. at 148, 250 S.E. 2d at 912 (if issues before court become moot at any time during course of proceedings, usual response should be to dismiss the action); *see also* Note, *Cases Moot on Appeal: A Limit on the Judicial Power*, 103 U.Pa.L. Rev. 772, 794 (1955); *cf. Deakins v. Monaghan*, --- U.S. ---, 98 L.Ed. 2d 529, 539 (1988) (in federal practice, when a claim is rendered moot while awaiting review by the Supreme Court, the judgment below should be vacated with directions to dismiss the complaint). The vacation will allow relitigation of the issues between the parties should the controversy arise again in the future. In concluding the case before us is moot, we do not in any way express an opinion as to the correctness of the decision below.

Appeal dismissed; judgment vacated.

Judges BECTON and PHILLIPS concur.